Matter of Edward and Delores WASHKOWIAK, Debtors.

Edward and Delores WASHKOWIAK, Plaintiffs,

v.

GLENWOOD MEDICAL GROUP, Defendants.

Bankruptcy No. 85 B 8525.
Adv. No. 85 A 1338.

United States Bankruptcy Court,
N.D. Illinois, E.D.

July 7, 1986.

John C. Renzi, Joliet, Ill., for debtors.

Harold Shabelman, Ltd., Joliet, Ill., for Glenwood.

## MEMORANDUM AND ORDER

ROBERT E. GINSBERG, Bankruptcy Judge.

The debtors have filed a complaint pursuant to 11 U.S.C. §§ 522(h) and 547(b) seeking to recover a $1,236.80 [1] payment made by the debtors to Glenwood Medical Group ("Glenwood").[2] Glenwood has moved this Court to dismiss the complaint on the grounds the debtors lack standing and in addition may not avoid the payment as a preference. This is a core proceeding under 28 U.S.C. § 157(b)(2)(F) and (K).

The dispute arose when the debtors failed to reimburse Glenwood for various medical services it had rendered to them. Glenwood sued the debtors in state court and was awarded $1,257.66 plus costs on December 1, 1982. Immediately after entry of the state court judgment, Glenwood perfected a lien against the debtors' home by filing a Memorandum of Judgment with the Will County Recorder's Office. *See* Ill.Ann.Stat. ch. 110, § 12–101 (Smith-Hurd 1985).

On July 1, 1985, the debtors sold their residence in Joliet for $34,000. The title company withheld sufficient funds from the sale proceeds to satisfy Glenwood's judgment lien. On July 2, the debtors and Glenwood entered into an agreement pursuant to which the debtors paid Glenwood $1,236.80 in satisfaction of its judgment lien. On July 8, only six days after Glenwood was paid, the debtors filed a joint Chapter 7 petition. They now seek to avoid the payment to Glenwood [and the later garnishment] as a preferential transfer.

While the general rule is that the trustee is the representative of the estate who may seek to recover a preferential transfer,[3] a

1. In their pleadings the debtors seek to recover only $1,200. However, this appears to be an oversight as the payment they seek to avoid was in the amount of $1,236.80. Indeed Glenwood in its pleadings assumes the debtors seek to recover that full amount. This Court likewise operates under the same assumption.

2. The debtors also seek to recover $320 of their wages garnished by Glenwood. However, neither party has presented sufficient pleadings or evidence showing whether the debtors retained an interest in the garnished wages to allow this Court to give a definitive ruling on whether the debtors can recover those wages. *See In re Johnson*, 53 B.R. 919, *reh'g. denied* 57 B.R. 635 (Bankr.N.D.Ill.1986).

3. 11 U.S.C. § 323. Of course any recovery the trustee makes is for the benefit of the estate and its creditors, not for the benefit of the debtor. 11 U.S.C. § 551. These debtors seek to recover

Chapter 7 debtor may assert the trustee's power to avoid a preferential transfer if four conditions are met: (1) the trustee does not seek to avoid the transfer; (2) the transfer the debtor wants to set aside was involuntary and not concealed by the debtor; (3) the trustee could have avoided the transfer under § 547; and (4) the property the debtor seeks to recover is exempt. 11 U.S.C. § 522(h). The debtors satisfy the first element as it is clear that the trustee in this case has not sought to avoid either of the transfers to Glenwood.

■ Glenwood claims that the second requirement is not met because the debtors voluntarily paid Glenwood to satisfy the lien and therefore cannot now seek to avoid it. *See e.g., In re Nutting,* 44 B.R. 233, 238 (Bankr.D.Vt.1984). This assertion is unpersuasive. The timing of the payment, immediately after the sale of the debtors' house, makes it clear that they would not have asked for a release of Glenwood's lien if the title company had not withheld funds from the sale proceeds to satisfy Glenwood's lien. More importantly, the underlying debt was not incurred in a voluntary fashion. Glenwood obtained its lien by virtue of a judgment it obtained against the debtors. The debtors did not voluntarily offer their property as security for the debt as in a mortgage. Glenwood cannot now claim that the satisfaction of that involuntary debt was anything but involuntary itself. In fact the debtors had no choice but to satisfy Glenwood's lien claim in order to be able to give good title to its buyers. Even had the debtors chosen not to sell their home, they still would have had to eventually pay Glenwood's lien or face foreclosure. *See* Ill.Rev.Stat. ch. 110, § 15–101 et seq. (1985). Thus there is nothing voluntary about the debtors' payment to Glenwood other the fact they made it. However, a payment in effect made under legal compulsion can hardly be characterized as voluntary. *Cf. In re Reaves,* 8

B.R. 177, 181 (Bankr.D.S.D.1981) ("voluntary transfer occurs when a debtor, with knowledge of all essential facts and free from the persuasive influence of another chooses of her own free will to transfer property to the creditor."). Therefore, the debtors have satisfied the second requirement of § 522(h).

Glenwood argues that the debtors cannot satisfy the third element of § 522(h) for two reasons. First, Glenwood claims that the trustee would not have been able to meet all six requirements of § 547(b) and thus would not have been able to avoid Glenwood's lien as a preference. Thus, as Glenwood sees it, the debtors cannot avoid the transfers as preferential. Section 547(b) permits the trustee to avoid (1) a transfer of the debtor's property (2) to or for the benefit of a creditor (3) on account of antecedent debt (4) made while the debtor was insolvent on or within 90 days before the filing of the petition [4] (6) where such transfer allows the creditor to receive a greater percentage of the debtor's estate than it would have received had the transfer not taken place and had the debtor's assets been liquidated and distributed in a Chapter 7 case. While Glenwood only actually disputes the sixth element, in reality it challenges both the fifth element, transfer within 90 days, as well as the sixth element, greater percentage.

■ Glenwood in effect argues that the transfer of the debtors' property in this case occurred when Glenwood secured the judgment lien, which was well outside of the 90–day time period required by § 547(b). Although it is true that the obtaining of a judgment lien is a transfer for preference purposes, that lien is not in issue here. The debtors are not trying to avoid the judgment lien as a preference under §§ 522(h) and 547(b). The debtors are claiming that the payment of funds to Glenwood in satisfaction of its debt six

---

these allegedly preferential transfers solely for their own benefit.

**4.** The 90–day period is extended to one year in certain circumstances where the creditor receiv-

ing the transfer is an insider. *See* 11 U.S.C. § 547(b)(4)(B). *See also* 11 U.S.C. § 101(28). There is no allegation that Glenwood was an insider.

days before the bankruptcy filing constitutes the preferential transfer. That transfer falls well within the time requirement of § 547(b).

█ Glenwood also claims that its debt was fully secured and therefore it would have been paid in full in the Chapter 7 case if no prepetition transfer of funds had occurred. Payments to fully secured creditors are in general not preferential even if made within 90 days preceeding a petition. Because the sale makes it clear that Glenwood is oversecured, the payments are not recoverable as a preference if its lien stands up. If Glenwood's lien stands up, then it would receive a 100% payment in a Chapter 7 case and by definition the greater percentage element of a preference cannot be satisfied. *See* 11 U.S.C. §§ 506, 724; *see also Barash v. Public Finance Corp.,* 658 F.2d 504, 508–09 (7th Cir.1981); *In re Demetralis,* 57 B.R. 278, 281 (Bankr.N.D. Ill.1986). Thus, the focus becomes the validity of Glenwood's lien. If the lien can be avoided, Glenwood, in effect, retroactively becomes unsecured and payments to a nonpriority unsecured creditor on the eve of bankruptcy are almost inevitably voidable as preferences.

It is clear that if the debtors had not made the prepetition payment to Glenwood, they could have avoided Glenwood's judicial lien under 11 U.S.C. § 522(f)(1). Section 522(f)(1) permits a debtor to avoid a lien if four requirements are met: (1) the lien the debtor seeks to avoid is a judicial lien; (2) the debtor claims an exemption in the property to which the debtor is entitled under § 522(b); (3) the creditor's lien impairs the debtor's exemption; and (4) the debtor has an interest in the property. Glenwood does not contest the existence of any of these elements, nor does it appear from the facts set forth in the parties' briefs that they are in dispute. Thus, if no pre-petition transfer had occurred, the debtors would have avoided Glenwood's lien under § 522(f)(1) and Glenwood would have been nothing more than a nonpriority unsecured creditor in this case. *See* 11 U.S.C. § 502(h); *see also* 11 U.S.C. § 522(i)(1).

The problem in the application of § 522(f)(1) to the facts of this case is that the judicial lien *was* satisfied shortly before the bankruptcy petition, causing §§ 522(g) and (h) to apply here. However, a problem arises in the language of §§ 522(g) and (h),[5] which appear, with one specific exception, to allow a debtor to recover a prepetition transfer only when the *trustee* could have avoided the prepetition transfer, not when the *debtor* could have avoided the transfer, as here, under § 522(f)(1).[6] This result is anomalous given the broad rehabilitative purpose underlying § 522. In light of the instruction by the Seventh Circuit in the *Barker*[7] case to read exemption provisions broadly in favor of debtors, this Court will not read §§ 522(g) and (h) to preclude the debtors from avoiding this transfer unless the language of the statute leaves no other choice. This Court does not believe that the language of § 522 requires a finding against the debtors.

---

**5.** Sections 522(g) and (h) provide:

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
(B) the debtor did not conceal such property; or
(2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title, and
(2) the trustee does not attempt to avoid such transfer.

**6.** The specific language of § 522(f)(1) limits its use to debtors only.

**7.** *In re Barker,* 768 F.2d 191 (7th Cir.1985).

■ The one situation where the Bankruptcy Code specifically allows a debtor to recover a prepetition transfer which the trustee could not recover is found in § 522(g)(2). That section provides that a debtor may avoid a prepetition transfer that would have been avoidable under § 522(f)(2).[8] Arguably, the specific reference to § 522(f)(2) in § 522(g) means that a debtor may not avoid a prepetition transfer made on account of a judicial lien against exempt property under § 522(f)(1) because of the doctrine of inclusio unius est exclusio alterius.[9] However, another interpretation of § 522(g)(2) is equally logical. Section 522(g)(2) applies only to voluntary transfers. The use of the word "or" in § 522(g)(1) suggests that this analysis is correct.[10] *See also* 11 U.S.C. § 102(5). Therefore, § 522(g)(2) does not preclude the debtors' use of § 522(g)(1) to avoid involuntary transfers using § 522(f)(1). Of course, the Court has already ruled that the transfer made by the debtors in this case was involuntary.

■ Thus the sole focus becomes § 522(g)(1). The question becomes whether the absence of any reference to § 522(f)(1) in § 522(g) is fatal to the debtors' ability to avoid this lien. This Court thinks not. The usual rule is that if a lien is defeasible in bankruptcy, payments on account of that lien in advance of bankruptcy—at least within 90 days in advance of bankruptcy—are avoidable by the trustee as preferential. In effect there is a two step analysis. In step one, the lien is retroactively avoided on whatever grounds it could have been avoided had the lien not been satisfied but instead had it continued

to exist at the time of the bankruptcy.[11] In step two, the transfer of the property to the now unsecured creditor is recovered as a preference. There is no logical reason why that rule should not apply where the lien is avoidable by the debtor as well as by the trustee. In fact, that rule seems to be embodied in § 547(b)(5). Had this payment not been made, Glenwood would have received nothing in the Chapter 7 case by virtue of § 522(f)(1). There is no logical reason why it should get the windfall of payment in full merely because it happened to get paid within a week before the petition.

■ Glenwood, however, asserts that even if all six preference requirements are met, the payments in question cannot be avoided because of the preference exception contained in 11 U.S.C. § 547(c)(1). Section 547(c)(1) provides that a trustee may not avoid a preferential transfer intended by both the debtor and the transferee to be a contemporaneous exchange for new value and that was in fact a substantially contemporaneous exchange. The focus is on the intentions of the parties at the time they entered into the transaction. In this case, the debtors intended to satisfy a lien on their property that had existed since December 1, 1982. The medical services giving rise to the debt and judgment were rendered long before December 1, 1982. It is clear that the payment of July 2, 1985 satisfied a debt that arose at least two and a half years earlier. There was no contemporaneous exchange for new value. The debtors merely were satisfying an ante-

---

8. Section 522(f)(2) allows a debtor to avoid a nonpurchase money security interest in certain exempt personal property. There is no provision in the Bankruptcy Code allowing a trustee to per se avoid nonpurchase money security interests in nonexempt personal property.

9. Literally, the inclusion of one is the exclusion of others. Black's Law Dictionary 687 (5th ed. 1979). This doctrine suggests that Congress intended to exclude the § 522(f)(1) avoidance power from § 522(g)'s parameters by including a specific reference only to § 522(f)(2) in § 522(g).

10. *See supra* n. 5.

11. Thus, for example, suppose the debtor pays a creditor whose security is unperfected 60 days before the Chapter 7 petition. The trustee would retroactively avoid the security interest under 11 U.S.C. § 544(a) and then avoid the payment to the now unsecured creditor under 11 U.S.C. § 547. *See In re Devault Mfg. Co.*, 1 B.R. 710, 713–14 (Bankr.E.D.Pa.1979).

cedent debt. Section 547(c)(1) does not apply to this transaction.

The fourth and final requirement that must be satisfied to enable a debtor to assert the trustee's power to avoid a preference is that the debtor must prove that the transferred property is exempt. In this case, the debtors may claim the homestead or wild card exemptions in the $1,236.80 paid to Glenwood to satisfy its lien on their real estate. *See* Ill.Rev.Stat. ch. 110, §§ 12–901, 12–1001(b) (1985). Thus, the debtors have satisfied all four requirements as to the $1,236.80 payment.

The parties have agreed in open court that there are no other issues in dispute. Based on the foregoing, the Court denies Glenwood's motion to dismiss the debtors' complaint. The Court grants judgment for the debtors on the merits of the case.