**In re Roger Clark RICKE, Jr., Debtor.**

**Roger Clark RICKE, Jr., Movant,**

**v.**

**NATIONAL BANK OF THE COMMONWEALTH, Peggy Jo Ricke, and Richard W. Roeder, Esq., Trustee, Respondents.**

**Bankruptcy No. 87–61E.**
**Motion No. 87–1039E.**

United States Bankruptcy Court,
W.D. Pennsylvania.

March 31, 1988.

Rodney M. Scott, Indiana, Pa., Eugene J. Brew and Thomas V. Myers, Erie, Pa., for Nat. Bank of the Com.

Lawrence C. Bolla, Erie, Pa., for debtor.

Richard W. Roeder, Titusville, Pa., Trustee.

### OPINION

WARREN W. BENTZ, Bankruptcy Judge.

Before us is debtor's MOTION TO AVOID LIEN IMPAIRING DEBTOR'S EXEMPTION. In that motion, debtor seeks to recover $3,750 from the National Bank of the Commonwealth ("Bank"). Since the debtor seeks to recover money, it would appear that the appropriate procedure required the initiation of an adversary proceeding by the filing of a complaint, rather than a motion. We will ignore that procedural nicety and move on to the merits.

On February 9, 1987, the debtor filed his voluntary Chapter 7 bankruptcy petition. On November 12, 1986, within 90 days before the filing of the bankruptcy petition, the debtor had sold his residential real estate, jointly owned with his ex-wife, for the sum of $62,000. After paying the delinquent real estate taxes and various costs of sale, and the payoff on the first lien mortgage, there was left the sum of $8,173.88 which was paid to the Bank to apply on its judgment lien, which had been affixed to the real estate prior to the commencement of the preference period defined in Bankruptcy Code § 547.

Since the debtor had sold the residence and moved out almost three months before the filing of the bankruptcy petition, the debtor did not claim that he was entitled to a $7,500 homestead exemption, but only claimed a § 522(d)(5) exemption of $3,750.

Debtor asserts that the judgment lien may be avoided retroactively since it would have impaired debtor's § 522(d)(5) exemption had it not been paid and satisfied before bankruptcy, that the payment to the Bank to get its release of the judgment lien is preferential and avoidable pursuant to § 547, and that he is entitled to recover the

payment to the Bank to the extent of $3,750.

The debtor cites *Washkowiak v. Glenwood Medical Group, (In re Washkowiak),* 62 B.R. 884 (Bankr.N.D.Ill.1986) in which the facts were almost identical except that there, the real estate closing occurred only six days before the bankruptcy petition was filed. In allowing recovery by the debtor, the court set forth the following prerequisites and found that all had been met:

> "While the general rule is that the trustee is the representative of the estate who may seek to recover a preferential transfer, a Chapter 7 debtor may assert the trustee's power to avoid a preferential transfer if four conditions are met: (1) the trustee does not seek to avoid the transfer; (2) the transfer the debtor wants to set aside was involuntary and not concealed by the debtor; (3) the trustee could have avoided the transfer under § 547; and (4) the property the debtor seeks to recover is exempt. 11 U.S.C. § 522(h)."

■ This court cannot follow *Washkowiak* in its conclusion that the payment of the judgment lien was involuntary. We think that the payment by the debtor to the Bank was voluntary. There is nothing before us to show that the debtor was in any way coerced into the payment to the Bank. Had there been an execution sale under the Bank's judgment lien, or a foreclosure sale under the first mortgage, either of which might have resulted in the payment to the Bank on its lien, then the payment might have been involuntary. But here, the debtor voluntarily chose to sell his real estate, a consequence of which was that in order to conclude the closing, he was required to pay off the liens, taxes and closing costs in order to deliver clear title and consummate the closing. But he was only required to make such payments, including the payment to the bank, *if* he chose to convey his real estate. We think the entire transaction was within the control of the debtor and the debtor's actions in initiating and consummating the same can therefore be viewed only as voluntary.

If the debtor had elected to do so, he could have retained the residence until he filed his bankruptcy petition, and then he could have attempted to avoid a portion of the judgment lien, presumably successfully. But the residence is not an asset of the bankruptcy estate—it is not an asset precisely because the debtor chose to sell it prior to bankruptcy. Nor did the lien exist on the date of bankruptcy. It did not exist because of the debtor's actions in removing it.

■ We also conclude that a trustee could not recover on a preference theory under § 547. As between a trustee and the Bank, the judgment lien was unavoidable. If the Bank's judgment lien was avoidable, it was avoidable *only* by the debtor for the purpose of obtaining exempt property. Under § 522(h)(1) the debtor may recover *only* if "such transfer is avoidable by the trustee under ... [section] 547...." The trustee has no power to assert the debtor's exemption rights; the debtor may not lift himself by his own bootstraps by adding his exemption powers (which are personal to the debtor) to the trustee's powers under § 547. The limitations on the debtor's avoidance powers are carefully granted and carefully circumscribed in the Code. The debtor's right of recovery is dependent upon the trustee's unexercised right of recovery. This is apparent from the legislative history. "The debtor is given no greater rights under this provision [§ 522(h)] than the trustee, and thus, the debtor's avoiding powers under proposed 11 U.S.C. §§ 544, 545, 547 and 548, are subject to proposed 11 U.S.C. § 546, as are the trustee's powers." (H.R.Rep. No. 95–595, 95th Cong. 1st Sess 363 [1977]; S.Rep. No. 95–989, 95th Cong. 2d Sess 77 [1978] U.S.Code Cong. & Admin. News 1978, p. 5787). The House and Senate reports go on to explain that "These subsections are cumulative" and that the debtor "may use more than one in any particular instance". Thus, while the debtor may use various subsections of § 522 cumulatively, his rights under § 547 are no greater than the trustee's. Since a trustee could not recover in these circumstances, neither can the debtor.

The debtor's argument that the judgment lien may be avoided retroactively on hypothetical facts, so as to render payment

of the lien preferential, instead of looking at the facts as they existed on the date of bankruptcy, is without authority and is unpersuasive. § 522(f) cannot be construed to allow avoidance of a lien no longer in existence at the date of bankruptcy. And even if the debtor *could* avoid the lien "retroactively," the debtor's argument would not be advanced, because a trustee could not avoid the lien, and the debtor's right to recover is dependent on the trustee's right to recover under § 522(h) and § 547.

The debtor's argument that the "transfer" did not take place when the judgment lien was affixed, but did take place when the lien was paid, is also unpersuasive. It makes sense only if one assumes that the lien was invalid; the lien can only have been invalid if it is voided "retroactively" by the debtor, a concept which cannot be accepted. Since the judgment lien was valid when paid off, and could not be avoided (retroactively or otherwise), the payment of the lien was not a "transfer" under § 547. The transfer took place when the lien was affixed and not when the lien was paid.

For the reasons stated, the debtor's motion will be dismissed.