In re Terry R. DOWDY a/k/a Terry Randall Dowdy, SSN: 253–15–4799

Cheryl Dowdy, a/k/a Cheryl Ann Dowdy, SSN: 256–88–3837, d/b/a Dowdy Brothers Plumbing Company, Tax I.D. No. 58–1659444, Debtors.

Terry R. DOWDY, d/b/a Dowdy Plumbing, Plaintiff,

v.

MARYLAND CASUALTY COMPANY, Defendant.

Bankruptcy No. 89–10001–ALB.
Adv. No. 89–1005–ALB.

United States Bankruptcy Court,
M.D. Georgia,
Albany Division.

Sept. 19, 1989.

Walter W. Kelley, Albany, Ga., for plaintiff.

T. Gordon Lamb, Sharon K. Gipson, Atlanta, Ga., for defendant.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

The matter before this court is the Debtor's Complaint to Avoid a Preferential Transfer pursuant to § 547 of the Bankruptcy Code.[1] On June 26, 1989, a hearing

was scheduled on the Debtor's Motion for Summary Judgment against Maryland Casualty Company (hereinafter "Defendant"). Both parties agreed to waive oral argument and submitted briefs to the court on the issue of whether the Debtor's settlement with the Defendant in response to the Defendant's lawsuit against the Debtor constituted new value pursuant to § 547(c) of the Bankruptcy Code.[2] This court, having considered the briefs of counsel, now renders this Memorandum Opinion.

The Debtors filed their voluntary Chapter 7 bankruptcy petition on January 3, 1989. On February 6, 1989, the Debtor filed his complaint to avoid a preferential transfer against the Defendant pursuant to § 547 of the Bankruptcy Code.[3] The Defendant filed its answer with the court on March 17, 1989. The Defendant contends that pursuant to § 547(c) of the Bankruptcy Code,[4] the $750.00 transfer may not be avoided, and that Defendant's forbearance on its suit against the Debtor for a substantial amount[5] constituted a contemporaneous exchange for new value.

The Debtor then filed his motion for summary judgment on May 19, 1989. The Debtor contends that case law does not support Defendant's contention that forbearance of one's contractual rights constitutes new value within the meaning of § 547(c)(1) of the Bankruptcy Code.[6] *See Matter of Duffy,* 3 B.R. 263 (Bankr.S.D.N.Y.1980); *In re White River Corp.,* 50 B.R. 403 (Bankr.D.Colo.1985).

This court sua sponte raised the issue of whether the Debtor had standing pursuant to § 522(h) of the Bankruptcy Code[7] to bring the preference action. The court held a telephone conference with the parties on August 24, 1989, and invited both parties to brief the issue of whether the Debtor's transfer to the Defendant was

1. 11 U.S.C.A. § 547 (West 1979 & Supp.1989).

2. 11 U.S.C.A. § 547(c) (West 1979 & Supp.1989).

3. 11 U.S.C.A. § 547 (West 1979 & Supp.1989).

4. 11 U.S.C.A. § 547(c) (West 1979 & Supp.1989).

5. The Defendant sued the Debtor in the Superior Court of Dougherty County, Georgia, on a

contract complaint for the amount of $1,356.00 plus attorney fees and costs.

6. 11 U.S.C.A. § 547(c)(1) (West 1979 & Supp. 1989).

7. 11 U.S.C.A. § 522(h) (West Supp.1989).

voluntary or involuntary. Both parties submitted briefs on the above issue.

■ Section 522(h) of the Bankruptcy Code provides in pertinent part:

(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and

(2) the trustee does not attempt to avoid such transfer.

11 U.S.C.A. § 522(h) (West Supp.1989).

Section 522(h) refers to § 522(g)(1) which provides in pertinent part:

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; ...

11 U.S.C.A. § 522(g)(1) (West 1979).

Therefore, the Debtor lacks standing under § 547 of the Bankruptcy Code [8] to bring the preference action unless the transfer was an involuntary transfer of property by the Debtor. In the instant case, the Debtors paid the Defendant $750.00 in settlement of the Defendant's pending lawsuit. The Debtor contends, that because the payment was made to a Creditor who was certain to become a judgment Creditor, the transfer was not voluntary.

■ The bankruptcy court in *In re Reaves*, 8 B.R. 177 (Bankr.D.S.D.1981) commented on what a voluntary transfer is. The *Reaves* court stated:

The only legislative insight into what Congress meant by a "voluntary transfer" is where the House Judiciary Committee, commenting on Section 522(g), stated that,

"Subsection (g) gives the debtor the ability to exempt property that the trustee recovers under one of the trustee's avoiding powers if the property was involuntary transferred away from the debtor (such as by the fixing of a judicial lien) and if the debtor did not conceal the property."

*Id.* at 180–81 (citing H.R.Rep. 95–595, 95th Cong., 1st Sess. 362 (1977), U.S.Code Cong. & Admin. News. 1978, pp. 5787, 6318.

In *In re Ricke*, 84 B.R. 408 (Bankr.W.D. Pa.1988), the court held that the payment by the debtor of a judgment lien was voluntary and declined to follow *In re Washkowiak*, 62 B.R. 884 (Bankr.N.D.Ill.1986). In *Ricke*, the debtor had sold his residential real estate and within 90 days afterward, filed his voluntary Chapter 7 petition in bankruptcy. The debtor had paid to the bank the sum of $8,173.88 to apply to its judgment lien within the 90–day period before filing his bankruptcy. The *Ricke* court stated that "the debtor voluntarily chose to sell his real estate, a consequence of which was that in order to conclude the closing, he was required to pay off the liens, taxes and closing costs in order to deliver clear title and consummate the closing." *Id.* at 409. The *Ricke* court also reasoned that the entire transaction was within the control of the debtor and could be viewed only as voluntary.

Applying the reasoning of the *Ricke* court to the instant case, the settlement by the Debtor with the Defendant for the sum of $750.00 was within the control of the Debtor. The Debtor could have refused to settle and proceeded with the suit in the Dougherty Superior Court. Then if the Defendant had prevailed in the action, taken judgment against the Debtor and levied on the Debtor's bank account, the transfer could have been an involuntary one.

Accordingly, this court holds that the Debtor's transfer of the sum of $750.00 to

---

8.   11 U.S.C.A. § 547 (West 1979 & Supp.1989).

the Defendant in settlement of the pending lawsuit to be a voluntary transfer by the Debtor. Therefore, this court holds that the Debtor lacks standing under § 522(h) of the Bankruptcy Code [9] to bring an action under § 547 of the Bankruptcy Code [10] to avoid the preferential transfer. Therefore, this court denies the Debtor's motion for summary judgment.

An order in accordance with this Memorandum Opinion is attached hereto.

9.  11 U.S.C.A. § 522(h) (West Supp.1989).

10.  11 U.S.C.A. § 547 (West 1979 & Supp.1989).