In re Lelia M. VIA, Debtor.

Lelia M. VIA, Plaintiff,

v.

COLONIAL AMERICAN NATIONAL BANK, Defendant.

Bankruptcy No. 7–89–00223–BKC–HPR. Adv. No. 7–89–0040.

United States Bankruptcy Court, W.D. Virginia, Roanoke Division.

Sept. 25, 1989.

---

Henry L. Woodward, Legal Aid Soc. of Roanoke Valley, Roanoke, Va., for debtor/plaintiff.

A. Carter Magee, Jr., Magee & Associates, Roanoke, Va., for defendant.

## MEMORANDUM OPINION

H. CLYDE PEARSON, Chief Judge.

### ISSUES

The issues before the court are:

I. Whether the debtor may recover payment to a creditor as an avoidable transfer of property pursuant to Bankruptcy Code § 522(h); and

II. If avoidable, whether the amount to be avoided is limited pursuant to Bankruptcy Code § 547(c)(7).

### FACTS

The facts have been stipulated. On November 2, 1988, Colonial American National Bank ("defendant" or "bank") obtained judgement against debtor for $728.31 with costs, interest and attorney's fees. On November 29, 1988, bank obtained a garnishment summons to satisfy the judgement debt from debtor's wages at Community Hospital of Roanoke Valley. The return date on the garnishment was January 25, 1989. The garnishment summons was served but no wages were withheld from debtor's pay check.

On December 1, 1989, being advised of the garnishment and desiring to avoid the withholding, debtor arranged for payment to defendant-bank of the payoff sum of $779.35. In order to pay this sum, debtor obtained a loan from her mother. Upon satisfaction of the judgement, bank released the garnishment.

On February 9, 1989, debtor filed her Chapter 7 petition. On February 7, 1989, prior to the filing, debtor recorded a homestead deed which claimed the benefit of her homestead exemption under Virginia Code § 34–4 for $770, listed as "refund of involuntary payment to" bank.

Debtor did not attempt to conceal her payment to the bank, but rather disclosed it in her Chapter 7 schedules as well as in the homestead deed. The trustee has not sought to avoid the transfer of the $779.35 made to the bank.

On March 3, 1989, debtor brought this adversary proceeding under Bankruptcy Rule 7001(1). The complaint seeks to recover the payment made to bank as an avoidable preference pursuant to 11 U.S.C. § 522(h).

## DISCUSSION

I. Whether the debtor may recover payment to a creditor as an avoidable transfer of property pursuant to Bankruptcy Code § 522(h).

Subsection (h) of 522 states:

(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 552 of this title; and

(2) the trustee does not attempt to avoid such transfer.

The trustee in bankruptcy is given the authority to avoid certain transfers under § 547. Pursuant to § 522(h), a debtor is allowed to step into the shoes of the trustee to avoid such a transfer if the trustee does not. This is true even as to property which the debtor has exempted. § 522(g).

▮ In order for the debtor to succeed in recovering the payment made to bank by stepping into the trustee's shoes, she must establish the following preconditions: 1) The trustee has not attempted to avoid a transfer which the trustee could have avoided under one of the sections set forth in § 522(h)(1); and 2) the property could be exempted under 522(g)(1).

Addressing the threshold condition, the debtor contends that the trustee has not attempted to avoid the transfer and that he could so avoid the transfer under § 547(b). That subsection states:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of the transfer was an insider; *and*

(5) that enables such creditor to receive more than such creditor would receive if

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The trustee has not attempted to avoid the transfer. The court finds no dispute that the requirements for a voidable transfer exist in the present case: there was a transfer of debtor's property (1) to a creditor, bank; (2) for an antecedent debt, evidenced by bank's prepetition judgement; (3) made while the debtor was insolvent, section 547(f) presumes debtor to have been insolvent on and during 90 days immediately preceding the date of the filing of the petition; (4) made within 90 days of the filing of the petition, debtor transferred property 70 days prior to filing petition; and (5) enabled bank to receive more than it would have received in this debtor's no-asset Chapter 7 case.

Since the trustee could have avoided the transfer, and he has not attempted to avoid such transfer, the first precondition is satisfied. The remaining condition is whether the debtor meets the requirements of 522(g)(1).

Subsection (g) of 522 states:

(g) Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property; or

(2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

The court finds that the debtor meets the requirements of section 34–4 of the Virginia Code, which, by way of 522(b), entitle her to claim a homestead exemption in the disputed property, up to the amount of $5,000. The court also finds no issue of concealment because debtor's petition openly disclosed the transfer and claim for refund of the payment. The pivotal issue is therefore whether the debtor's payment to defendant-bank was a voluntary transfer under 522(g)(1)(A).

It is the bank's position that the debtor is not entitled to the exemption because she voluntarily transferred money to it. It is the debtor's position that the transfer was involuntary and she is thus entitled to exemption under 522(g). The definition of "voluntary transfer" as used in subsection 522(g) is not defined in the Bankruptcy Code.

In the case of *In re Hoffman,* 96 B.R. 46 (W.D.Pa.1988), the court defined "voluntary transfer" as one which occurs "when the Debtor, with knowledge of all essential facts and free from persuasive influence of another chooses of her own free will to transfer property to the creditors."

█ It is well settled that a debtor's payment through a garnishment is involuntary and recoverable by the debtor pursuant to sections 522 and 547, see *In re Baum,* 15 B.R. 538, 540 (Bankr.E.D.Va. 1981). The problem in the case at bar is that the payment was not made *through* garnishment, but to avoid the garnishment.[1] In this case the debtor responded to the issuance of the garnishment summons by obtaining a loan to pay the creditor in order to avoid the withholding against her wages. The substance and result is the same.

The bank contends that an "arms length" negotiation to release a garnishment in return for present payment comports with the general notion of voluntariness, and for that reason, the transfer was voluntary. This court declines to accept the bank's argument, and finds that the debtor's payment is inherently involuntary where payment was made to bank attending such imposing circumstances and compulsion as a judgement lien coupled with a garnishment summons against debtor's wages.

The debtor in this case cites *In re Washkowiak,* 62 B.R. 884 (Bankr.N.D.Ill.1986) and *In re Ricke,* 84 B.R. 408 (Bankr.W.D. Pa.1988) to support her position of an involuntary transfer. *Washkowiak* indicates that satisfaction of an involuntary debt created by a judgement lien is not voluntary. 62 B.R. at 886. *Ricke* indicates that an involuntary debt created by a judgement lien alone is not enough to make the payoff involuntary, but coupled with or in response to an execution which would result in the payment on the lien, would make the payoff involuntary. 84 B.R. at 409. In present case, the judgement lien and garnishment summons against the debtor were obviously not "voluntary" on her part. This court follows the better reasoning in *Washkowiak* and *Ricke* in that a payment made in response to legal coercion is not voluntary.

This court believes that the purpose for disallowing a voluntary transfer made by a debtor who claims an exemption in property, is not to allow the debtor a windfall which would enable him to benefit from his own voluntary act. Here, the debtor only made payment when she was fearful and certain that wages would be taken through the garnishment. The issuance of the garnishment summons resulted in a coerced payment made by the debtor because of the threat of losing her wages and the inherent threat to her employment through legal compulsion. Garnishment has been so devestating on employees that state and fed-

---

1. Garnishment is obviously not "voluntary" on the Debtors part. *In re Shorts,* 63 B.R. 2 (Bankr.D.Dist.Col.1985). *In re Bennett,* 35 B.R. 357 (Bankr.Ill.1984). The reports of the House and Senate give as example of involuntary transfer "(such as by the fixing of a judicial lien)". H.R.Rep. No. 595, 95th Cong, 1st Sess 362 (1977) S Rep No. 989, 95th Cong, 2nd Sess 76 U.S.Code Cong. & Admin.News 1978, pp. 5787, 5862, 5963, 6317 (1978).

eral remedial laws have been enacted governing such action.

It is clear from the timing and circumstances of the payment that the debtor would not have made the transfer had the garnishment not been issued. Immediately after the garnishment was issued, the debtor obtained a loan and made the payment. There was nothing voluntary about debtor's payment to bank except that she made it. Furthermore, the debtor does not gain any real windfall by paying bank, because she could have recovered the amount if it had been paid through the garnishment.

II.   If avoidable, whether the amount to be avoided is limited pursuant to Bankruptcy Code § 547(c)(7).

▆    Bankruptcy Code § 547(c) contains exceptions to the trustee's avoidance power. Bank contends that § 547(c)(7), should be read to give a creditor a "safe harbor" of $599.99 anytime it receives payment on its debt. This court is not persuaded by bank's contention.

Subsection (c)(7) states:

(c) the trustee may not avoid under this section a transfer—

. . .

(7) if, in a case filed by an individual debtor whose debts are primarily consumer debts, the aggregate value of all property that constitutes or is affected by such transfer is less than $600.00.

This court is in agreement with the debtor's argument that the obvious reading of 547(c)(7) does not say that a transfer is avoidable only to the extent it exceeds $600.00. Attention is directed to the reasoning of *In re Vickery*, 63 B.R. 222 (Bankr.E.D.Tenn.1986). In *Vickery*, the trustee attempted to avoid a transfer under Section 547 and a creditor likewise argued for retention of the · first $599.99 under 547(c)(7). The court rejected the argument:

The wording of the exception clearly makes $600 a cutoff point on the trustee's right to recover and more importantly on his decision to bring suit. A payment of $599 is protected but a payment of $601 is not. Creditors who have received preferential payments of less than $600 can expect not to be sued by the trustee. Likewise, the trustee is given a good reason not to bring suit for amounts so small that litigation costs do not justify bringing suit. The legislative history is minimal, but the court believes this type of cutoff point is exactly what Congress had in mind. The legislative history reflects that the exception was intended to stop recoveries by bankruptcy trustees of small installment payments made in the ninety days before bankruptcy. *In re Johnson*, 53 B.R. 919, 921 note 4 (Bankr.N.D.Ill.1985), citing S.Rep. No. 446, 97th Cong., Sess. 24 (1982).

*In re Vickery*, 63 B.R. at 223.

In light of the clear wording of 547(c)(7) and the well reasoned decision in *Vickery*, this court finds that the entire amount transferred is recoverable. It is further apparent that the exclusion of the trustee's action to recover less than $600 is not necessarily binding on a debtor seeking to claim as exempt what to a distressed debtor is a large sum less than $600, if not voluntarily made in the first instance.

Accordingly an ORDER will be entered that the debtor's complaint to recover a preference be GRANTED; that the entire $779.35 paid to defendant-bank be turned over to debtor; and that this adversary proceeding is closed.