**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

IN RE EDWIN EARL ELLIOTT,

EDWIN EARL ELLIOTT,
*Appellant,*

v.

PACIFIC WESTERN BANK, a
California state-chartered bank,
*Appellee.*

No. 18-17421

D.C. No.
3:18-cv-00416-
VC

OPINION

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted February 6, 2020
San Francisco, California

Filed August 12, 2020

Before: Richard A. Paez and Carlos T. Bea, Circuit Judges,
and Lynn S. Adelman,[*] District Judge.

Opinion by Judge Paez

---

[*] The Honorable Lynn S. Adelman, United States District Judge for
the Eastern District of Wisconsin, sitting by designation.

## SUMMARY**

### Bankruptcy

The panel affirmed the district court's judgment summarily affirming the bankruptcy court's dismissal for failure to state a claim of a chapter 7 debtor's adversary proceeding seeking to exempt retirement funds from the bankruptcy estate.

Pacific Western Bank declared a default on a loan on which the debtor was either the borrower or guarantor. The Bank obtained a state court judgment against the debtor and a writ of execution, and it instructed the sheriff to levy on the debtor's individual retirement account, creating an execution lien. After the sheriff levied on the debtor's individual retirement account, he filed for bankruptcy. The debtor claimed all assets in his IRA were exempt from creditors under a California statute and 11 U.S.C. § 522(b)(3)(C), which exempt retirements funds from being used to satisfy a money judgment. He sought avoidance of the transfer of his levied IRA funds to the Bank under § 522(h) or (f).

The panel held that the debtor failed to state a claim under § 522(h), which allows a debtor to step into the role of the bankruptcy trustee and avoid certain transfers of exempt property made before the filing of the bankruptcy petition. The panel concluded that because the judicial lien was satisfied prior to the petition date, it was not voidable under § 522(f). Because it was not voidable, the debtor could not

** This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

succeed on his separate § 522(f) claim nor establish that the transfer of his IRA funds was a preferential transfer under 11 U.S.C. § 547. The debtor having failed to allege the elements of a preferential transfer, the bankruptcy court correctly concluded that he failed to state a claim under § 522(h).

## COUNSEL

David M. McKim (argued), Law Offices of David M. McKim, Santa Rose, California, for Appellant.

J. Alexandra Rhim (argued), Hemar Rousso & Heald LLP, Encino, California, for Appellee.

## OPINION

PAEZ, Circuit Judge:

A little over three months after a sheriff levied on Edwin Earl Elliott's individual retirement account ("IRA") funds, Elliott filed for chapter 7 bankruptcy. During the liquidation of his bankruptcy estate and later in the present adversary proceeding, Elliott claimed that his retirement funds were exempt from the bankruptcy estate.

In dismissing the adversary complaint for failure to state a claim, the bankruptcy court held that Elliott could not reclaim his retirement funds because he filed the bankruptcy petition after the execution lien had been satisfied. The district court summarily affirmed. Largely for the reasons stated by the bankruptcy court, we affirm the district court's judgment.

## I.

Pacific Western Bank ("the Bank")'s predecessor in interest issued a loan on which Elliott was either the borrower or guarantor. The Bank eventually declared a default on the loan, at least in part because of nonrepayment. To recover the amount owed, the Bank sued Elliott in California Superior Court for the County of San Mateo and obtained a judgment in its favor. Following entry of the state-court judgment, the Bank obtained a writ of execution and instructed the San Mateo County Sheriff to levy on IRA Trust Services Company, which held Elliott's IRA funds.[1] The parties agree that this levy created an execution lien under California law. *See* Cal. Civ. Proc. Code ("CCP") § 697.710.

On December 2, 2016, the Sheriff levied $28,870.19 from Elliott's IRA account with IRA Trust Services. Before the Sheriff released the funds to the Bank, Elliott filed a claim of exemption in state court. He argued that the funds should be treated as a needs-based exemption under CCP § 704.115. That section shields from money judgments private retirement plans, profit-sharing plans designed for retirement purposes, and other forms of retirement assets. *See* CCP § 704.115(a)–(b). IRAs are exempt under the statute "only to the extent necessary to provide for the support of the judgment debtor when [he] retires . . . taking into account all resources that are likely to be available[.]" *McMullen v. Haycock*, 54 Cal. Rptr. 3d 660, 660 (Ct. App. 2007) (internal quotation marks omitted).

---

[1] The Bank also recorded its notice of lien with the California Secretary of State.

The superior court denied Elliott's exemption claim the following month.  Shortly thereafter, on or about February 15, 2017, the San Mateo County Sheriff's Office released the levied funds to the Bank.  The parties agree that the present litigation concerns only the levied funds; the balance of Elliott's IRA account consists of illiquid assets which remain in the possession of IRA Trust Services.  The Bank claims no interest in those assets.

On March 13, 2017, Elliott filed his chapter 7 bankruptcy petition.  He claimed all assets in his IRA were exempt from creditors under a different section of the California's exemption statutes, CCP § 703.140(b)(10)(E), and a provision of the Bankruptcy Code, 11 U.S.C. § 522(b)(3)(C).  Both sections exempt certain retirement funds from being used to satisfy a money judgment.  Section 703.140(b)(10)(E) provides that a debtor in a bankruptcy proceeding (like Elliott) may exempt his right to receive a "payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service[.]"  Section 522(b)(3)(C) of the Bankruptcy Code exempts "retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under" various provisions of the Internal Revenue Code.

The Bank did not object to Elliott's claimed exemptions because, in its view, "the Bank had *completed* its prepetition levy" on the IRA funds, and therefore the funds no longer "constitute[d] property of the Debtor or the estate."  The Bank maintains that when the funds were paid to the Sheriff, the lien expired under CCP § 700.140, effectively terminating any rights Elliott had to the funds.  Thus, the Bank argues, Elliott cannot claim an exemption on assets

that were neither his nor part of the bankruptcy estate. *See In re Hernandez*, 483 B.R. 713, 720 (B.A.P. 9th Cir. 2012).

The chapter 7 trustee eventually filed a no-distribution report, and the bankruptcy court closed the case on June 21, 2017. Elliott filed the present adversary proceeding shortly thereafter. Before the bankruptcy court, he argued he could avoid the transfer of his levied IRA funds to the Bank under sections 522(h) or (f) of the Bankruptcy Code.

The Bank moved to dismiss the adversary complaint. It argued that Elliott could not state a claim under either section 522(h) or (f) and, even if he could, the action was time-barred under section 550(f) or should be dismissed for lack of subject-matter jurisdiction under Federal Rule of Bankruptcy Procedure 7012(b)(1). Elliott then moved to reopen the bankruptcy case, which the court granted. The bankruptcy court mentioned the time-bar argument but, in ruling for the Bank, rested its holding entirely on Elliott's failure to state a claim under sections 522(h) or (f).[2] On appeal, the district court summarily affirmed the dismissal.

---

[2] The bankruptcy court did not address the Bank's jurisdictional argument in its order. The Bank argued in its motion to dismiss that the court lacked jurisdiction under the *Rooker-Feldman* doctrine, which prevents federal district courts from reviewing the "final determinations of a state court in judicial proceedings." *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986). "In apparent contradiction to the *Rooker-Feldman* theory," however, "bankruptcy courts are empowered to avoid state judgments, to modify them, and to discharge them." *In re Gruntz*, 202 F.3d 1074, 1079 (9th Cir. 2000) (citations omitted). For this reason, "final judgments in state courts are not necessarily preclusive in United States bankruptcy courts." *Id.* We agree this adversary proceeding constitutes a core proceeding over which the bankruptcy court had jurisdiction pursuant to 28 U.S.C. § 157(b).

Elliott appeals the district court's and bankruptcy court's rulings, arguing that the bankruptcy court erred in concluding that the transfer of the IRA funds was not avoidable under sections 522(h) or (f).

## II.

### A.

We have jurisdiction over the district court's order affirming the bankruptcy court's judgment under 28 U.S.C. § 158(d)(1). The Bank sought dismissal of the adversary complaint under Federal Rule of Bankruptcy Procedure 7012(b)(1) and (b)(6), which incorporate Federal Rules of Civil Procedure 12(b)(1) and (b)(6). We review de novo a district court's decision on appeal from a bankruptcy court. *In re Smith's Home Furnishings, Inc.*, 265 F.3d 959, 962–63 (9th Cir. 2001).

### B.

We first address whether the district court erred in affirming the bankruptcy court's determination that Elliott failed to state a claim under 11 U.S.C. § 522(h). When a trustee does not seek avoidance of transferred property, a debtor may step into the role of the trustee under section 522(h) of the Bankruptcy Code and attempt to avoid certain transfers of exempt property. *In re DeMarah*, 62 F.3d 1248, 1250 (9th Cir. 1995).

Under section 522(h), a debtor may "avoid," i.e., undo, a transfer of exempt property made before the filing of a bankruptcy petition. Section 522(h) states:

> The debtor may avoid a transfer of property
> of the debtor or recover a setoff to the extent

that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if—

(1) such transfer is avoidable by the trustee under section . . . 547. . . of this title . . . ; and

(2) the trustee does not attempt to avoid such transfer.

We have explained that section 522(h) requires a debtor to establish five conditions to shield his property from the bankruptcy estate:

(1) the transfer cannot have been a voluntary transfer of property by the debtor; (2) the debtor cannot have concealed the property; (3) the trustee cannot have attempted to avoid the transfer; (4) the debtor must exercise an avoidance power usually used by the trustee that is listed within § 522(h); and (5) the transferred property must be of a kind that the debtor would have been able to exempt from the estate if the trustee (as opposed to the debtor) had avoided the transfer pursuant to one of the statutory provisions in § 522(g). *See* 11 U.S.C. §§ 522(g) and (h).

*In re DeMarah*, 62 F.3d at 1250. The first four factors are not in dispute: Elliott did not voluntarily transfer the IRA funds, there is no evidence he attempted to conceal it or that the trustee attempted to avoid the transfer, and Elliott's avoidance power—assuming the money at issue can still be

considered his property—is one the trustee could have exercised under section 522(h).

To establish the fifth condition, Elliott argues that "the transferred property [was] of a kind that [he] would have been able to exempt from the estate," *id*., because the transfer would have been avoidable by the trustee under section 547. *See* 11 U.S.C. § 522(h)(1).

Section 547 allows the bankruptcy trustee (or, the debtor, when he is acting in the place of the trustee) to set aside "preferential" transfers and recapture the transferred property. To establish a preferential transfer, the trustee or debtor must show that the transfer, among other things, "enables such creditor to receive more than such creditor would receive" if (A) "the case were a case under chapter 7" of the Bankruptcy Code; (B) "the transfer had not been made"; and (C) "such creditor received payment of such debt to the extent provided by the provisions" of the Bankruptcy Code. 11 U.S.C. § 547(b)(5). The bankruptcy court held that Elliott failed to establish a preferential transfer because "the Bank did not receive more than it would have received in liquidation, a prerequisite to any preferential transfer liability."

### 1.

We must evaluate, then, whether Elliott can establish that the Bank received more from the prepetition levy than it would have received from his chapter 7 liquidation. The section 547(b)(5) inquiry is called the "greater amount test." *In re Tenderloin Health*, 849 F.3d 1231, 1235 (9th Cir. 2017). It requires "'the court to construct a hypothetical chapter 7 case and determine what the creditor would have received if the case had proceeded under chapter 7' without the alleged preferential transfer." *Id.* (quoting *In re LCO*

*Enters.*, 12 F.3d 938, 941 (9th Cir. 1993)); *see also Palmer Clay Prods. Co. v. Brown*, 297 U.S. 227, 229 (1936).

Elliott argues that the Bank would have received nothing in the ordinary course of his chapter 7 liquidation, because the lien is voidable under an entirely separate provision, section 522(f). If Elliott can indeed avoid the fixing of the lien under section 522(f), then the funds may be exempt under 547(b)(5). *See In re Washkowiak*, 62 B.R. 884, 887 (Bankr. N.D. Ill. 1986) ("If the lien can be avoided, [the creditor], in effect, retroactively becomes unsecured and payments to a nonpriority unsecured creditor on the eve of bankruptcy are almost inevitably voidable as preferences.").

**2.**

We then consider whether the execution lien is avoidable under section 522(f) of the Bankruptcy Code. In relevant part, section 522(f) states that

> (1) . . . the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is –
>
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5);

The parties do not dispute that an execution lien under CCP section 697.710 is a judicial lien; they dispute only whether the lien can be avoided despite its satisfaction prior to the petition date.

To avoid a lien under section 522(f), the lien in question must "impair[] an exemption as of the bankruptcy petition date." *In re Wilding*, 475 F.3d 428, 433 (1st Cir. 2007); *see also In re Ricke*, 84 B.R. 408, 410 (Bankr. W.D. Pa. 1988) ("§ 522(f) cannot be construed to allow avoidance of a lien no longer in existence at the date of bankruptcy.") Whether the lien impaired an exemption as of the petition date depends in part on whether Elliott maintained any outstanding property interest in the levied funds on the date he filed for bankruptcy. *See In re Camacho*, 18 B.R. 967, 968–69 (Bankr. D. Neb. 1982).

"The nature and extent" of a debtor's interest in purportedly exempt property is a question controlled by non-bankruptcy law. *In re Hernandez*, 483 B.R. at 720; *see also Stead v. United States*, 419 F.3d 944, 947 (9th Cir. 2005). Under California law, Elliott's ownership interest in the funds either terminated when the funds were paid to the sheriff, *see* CCP § 700.140(f), or after Elliott's state-court exemption claim was denied and the funds were released to the Bank, *see* CCP §§ 703.580(d)–(f), 703.610; *In re Hernandez*, 483 B.R. at 720–22; *In re Neilson's Estate*, 5 Cal. Rptr. 542, 545 (Ct. App. 1960). Either way, however, the lien terminated prior to the date Elliott filed for bankruptcy. At the latest, Elliott's ownership interest terminated on or about February 15, 2017, the date on which the sheriff's office released the funds to the Bank.[3] Elliott

---

[3] It is unclear when IRA Trust Services transferred the funds to the Sheriff. The Sheriff served the levy request on IRA Trust Services on December 2, 2016. Elliott filed his state-court exemption claim on December 8. A Memorandum of Garnishee in the record indicates that the funds were still in Elliott's IRA account on January 5, 2017, albeit with a hold placed on them pending the state court's ruling on the claim of exemption. The state court entered an order denying the exemption

filed his petition for bankruptcy on March 13, 2017, almost one month after the funds were released to the Bank. The Bank has since abandoned any claim to assets other than the levied funds. Elliott cites no authority supporting the proposition that he can avoid a lien that was satisfied prior to the filing of his bankruptcy petition.

\*     \*     \*

Because the judicial lien was satisfied prior to the petition date, it is not voidable under section 522(f). Because it is not voidable, Elliott cannot succeed on his separate 522(f) claim nor establish that the transfer of his IRA funds was a preferential transfer under section 547 of the Bankruptcy Code. Having failed to allege the elements of a section 547 preferential transfer, the bankruptcy court correctly concluded that Elliott failed to state a claim under section 522(h).[4]

## III.

To successfully claim his IRA funds as exempt and avoid their transfer to the Bank under section 522, Elliott has an additional deadline to overcome. A debtor who successfully avoids a preferential transfer "may recover in the manner prescribed by, and subject to the limitations of, section

---

claim on January 20, and the funds were released to the Bank by February 15.

[4] In dismissing Elliott's adversary proceeding, the bankruptcy court also briefly noted the Bank's alternate ground for dismissal, that the lien was perfected outside of the 90-day time limit imposed by section 547(b)(4). Because Elliott failed to demonstrate that the Bank received more than it would have in liquidation—an independent requirement for establishing a preference—we do not discuss the 90-day requirement.

550[.]"  11 U.S.C. § 522(i)(1).  Section 550(f) states that an action or proceeding under section 522 "may not be commenced after the earlier of – (1) one year after the avoidance of the transfer on account of which recovery under this section is sought; or (2) the time the case is closed or dismissed."

As the bankruptcy court noted, we have not yet addressed whether the re-opening of Elliott's bankruptcy proceeding re-starts the clock for purposes of the deadline imposed by section 550.  For this reason, the bankruptcy court did not rest its holding on section 550 grounds; "[b]oth parties cite[d] opposing non-binding authority," and the court fully resolved the motion to dismiss on substantive grounds.

Because we affirm the district and bankruptcy courts' holding on substantive grounds, it is unnecessary to resolve the section 550 issue and we do not address it here.

## IV.

The perfected lien on Elliot's IRA funds is not voidable under section 522(f) because the lien did not impair an interest in his property on the date he filed his chapter 7 bankruptcy petition.  Without demonstrating that the lien is voidable under section 522(f), he cannot establish a section 547 preference or state a claim under section 522(h).  For these reasons, we affirm the district court's dismissal of Elliott's adversary complaint.

**AFFIRMED.**