NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 13 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHAD BARRY BARNES,

Appellant,

v.

KRISTIN KIMO HENRY; NIMA
GHAZVINI, Successor Chapter 13 Standing
Trustee,

Appellees.

No.    21-16575

D.C. No.
1:20-cv-00327-JAO-RT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Jill Otake, District Judge, Presiding

Submitted July 8, 2022[**]
Honolulu, Hawaii

Before:  WARDLAW, NGUYEN, and OWENS, Circuit Judges.

Chad Barnes appeals from the district court's order affirming the bankruptcy

court's order granting the Standing Trustee's request to be discharged in the

Chapter 13 proceedings of Kristin Kimo Henry.  We review de novo the district

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

court's decision on an appeal from a bankruptcy court. *See Elliott v. Pac. W. Bank (In re Elliott)*, 969 F.3d 1006, 1009 (9th Cir. 2020). We review the bankruptcy court's conclusions of law de novo and its factual findings for clear error. *See Brace v. Speier (In re Brace)*, 979 F.3d 1228, 1232 (9th Cir. 2020). As the parties are familiar with the facts, we do not recount them here. We affirm.

Barnes argues that the bankruptcy court erred because it granted the Trustee's request to be discharged before Barnes had a reasonable opportunity to respond. However, Barnes fails to show that the Local Bankruptcy Rules or the Federal Rules of Bankruptcy Procedure prevented the bankruptcy court from issuing the order discharging the Trustee.[1] Barnes primarily relies on Local Bankruptcy Rule 9013-1(c)(2), which provides that for motions that must be set for hearing, "[a]ll responses to the motion must be filed and served on the moving party not less than 14 days before the hearing date." But nothing in this rule prevents a bankruptcy court from taking action on a motion before receiving responses from opposing parties. Moreover, Local Bankruptcy Rule 9021-1(b) provides that "[n]o provision for an objection period or anything else in these rules limits the court's authority to enter a judgment or order at any time."

---

[1] The Local Bankruptcy Rules referenced are for the U.S. Bankruptcy Court for the District of Hawaii.

Barnes also argues that his due process and equal protection rights were violated, but he forfeited these issues by failing to raise them in the district court. *See True Health Chiropractic, Inc. v. McKesson Corp.*, 896 F.3d 923, 930 (9th Cir. 2018). Further, even if not forfeited, Barnes' due process argument is unpersuasive because he had the opportunity to raise his arguments when he filed his "Objection to Chapter 13 Standing Trustee's Final Report and Account and Request for a Stay," which the bankruptcy court overruled. *See Miranda v. City of Casa Grande*, 15 F.4th 1219, 1224-25 (9th Cir. 2021). Barnes' contention that his equal protection rights as a seaman were violated is also unavailing. *See Sampson v. County of Los Angeles*, 974 F.3d 1012, 1022 (9th Cir. 2020).

We decline Barnes' request that we "review issues in Barnes' other related appeals under the 'collateral order doctrine.'"

**AFFIRMED**.