NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 26 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: <br><br> LAURA T. REIS, <br><br>        Debtor. | No. 24-4201 <br><br> D.C. No. <br> 1:23-cv-00279-BLW |
| LAURA T. REIS, formerly known as Laura Arnheim; formerly known as Laura Danis, <br><br>        Plaintiff - Appellant, <br><br>   v. <br><br> GREGORY M. GARVIN, Acting U.S. Trustee, <br><br>        Defendant - Appellee. | MEMORANDUM* |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Argued and Submitted February 13, 2025
Seattle, Washington

Before: GOULD and NGUYEN, Circuit Judges, and BENNETT, District Judge.**

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     ** The Honorable Richard D. Bennett, United States Senior District Judge for the District of Maryland, sitting by designation.

Debtor Laura T. Reis appeals the district court's affirmance of the bankruptcy court's order sustaining the U.S. Trustee's objection to Dr. Reis's election to proceed under Subchapter V of Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 1181–1195. We have jurisdiction to review that portion of the bankruptcy court's order under 28 U.S.C. § 158(d)(1). *See In re White*, 727 F.2d 884, 885 (9th Cir. 1984); *see also In re Rosson*, 545 F.3d 764, 770 (9th Cir. 2008). We review de novo the district court's decision on an appeal from a bankruptcy court, *In re Elliott*, 969 F.3d 1006, 1009 (9th Cir. 2020), and the bankruptcy court's conclusions of law are reviewed de novo and its factual findings for clear error. *In re Brace*, 979 F.3d 1228, 1232 (9th Cir. 2020). We affirm.

Subchapter V, which became effective February 19, 2020, is a part of the Small Business Reorganization Act of 2019 ("SBRA"), Pub. L. No. 116-54, and provides a special pathway for small business debtors to reorganize their debts. 11 U.S.C. §§ 1181–1195. The purpose of the SBRA and of Subchapter V is to "streamline the bankruptcy process by which small businesses debtors reorganize and rehabilitate their financial affairs." H.R. REP. NO. 116-171, at 1 (2019).

Not every Chapter 11 debtor is eligible to proceed under Subchapter V. When Dr. Reis filed her petition on November 22, 2022, to be eligible for Subchapter V election, a debtor had to be:

> [A] person engaged in commercial or business activities . . . that has aggregate noncontingent liquidated secured and unsecured debts as of

the date of the filing of the petition . . . in an amount not more than $7,500,000 . . . not less than 50 percent of which arose from the commercial or business activities of the debtor . . . .

11 U.S.C. § 1182(1)(A) (2022). In other words, in order to be eligible for Subchapter V, Dr. Reis had to be (1) a person (2) engaged in commercial or business activities (3) with undisputed debts, both secured and unsecured, that do not exceed $7.5 million, and (4) at least half of that debt arose from the debtor's "commercial or business activities."

This appeal concerns only the fourth eligibility criteria, as Dr. Reis's medical school student loan debts incurred between 2005 and 2009 constituted 59.7 percent of her total liabilities. Thus, if Dr. Reis did not characterize her medical school student loan debt as arising from a commercial or business activity, her debt would not meet the "not less than 50 percent" threshold. Dr. Reis insists that, because her medical degree was a required step in order to own and operate a medical practice, the student loan debt she incurred in pursuit of that degree necessarily "arose from" her commercial or business activities.

While the Bankruptcy Code does not define the phrase "commercial or business activities," 11 U.S.C. § 101(51D), the bankruptcy court did not err in determining that Dr. Reis's medical school student loan debts did not arise from a

commercial or business activity.[1] While the phrase "commercial or business activities" is exceptionally broad, Dr. Reis's position is particularly unconvincing looking at the totality of the circumstances. Dr. Reis did not own or operate a business until more than a decade after she began medical school and incurred the student debt. While Dr. Reis testified that she always wanted to have her own medical practice and always planned to from the beginning of medical school, the record does not indicate that Dr. Reis had a concrete plan to open her own medical practice either at the time she took out the student loans or in the years immediately following her graduation from medical school. Under these circumstances, we cannot conclude that the record below was such that it demanded the bankruptcy court find that her student loan debt did indeed arise from commercial or business activity. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985) ("[W]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").

**AFFIRMED.**

---

[1] We assume without deciding that debts incurred before opening a business, including student loan debt, could qualify as debt arising from commercial or business activities.

24-4201