**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE CLIFFORD ALLEN BRACE, JR., *Debtor*, | No. 17-60032 |
| | BAP No. 16-1041 |
| CLIFFORD ALLEN BRACE, JR., Individually and as the Trustee of the Crescent Trust dated July 30, 2004; AHN N. BRACE, Individually and as the Trustee of the Crescent Trust dated July 30, 2004, *Appellants*, v. STEVEN M. SPEIER, Chapter 7 Trustee, *Appellee.* | ORDER CERTIFYING QUESTION TO THE SUPREME COURT OF CALIFORNIA |

Filed November 8, 2018

Before:  Consuelo M. Callahan and Jacqueline Nguyen, Circuit Judges, and David A. Ezra,[*] District Judge.

Order

## SUMMARY[**]

### Certified Question

In a bankruptcy case, the panel certified the following question to the Supreme Court of California:

> Does the form of title presumption set forth in section 662 of the California Evidence Code overcome the community property presumption set forth in section 760 of the California Family Code in Chapter 7 bankruptcy cases where: (1) the debtor husband and non-debtor wife acquire property from a third party as joint tenants; (2) the deed to that property conveys the property at issue to the debtor husband and non-debtor wife as joint tenants; and (3) the interests of the

---

[*] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

> debtor and non-debtor spouse are aligned
> against the trustee of the bankruptcy estate?

The panel withdrew the case from submission and directed the Clerk to administratively close the docket, pending further order.

## ORDER

We respectfully ask the Supreme Court of California to exercise its discretion to decide the certified question set forth in Part II of this Order, below. *See* Cal. R. Ct. 8.548. The answer to this question of California law will be dispositive of the appeal before us, and no clear controlling California precedent exists. *Id.* Moreover, because the question that we certify is of great importance to many debtors and creditors in California, considerations of comity and federalism suggest that the court of last resort in California, rather than our court, should have the opportunity to answer the question in the first instance. *See Kilby v. CVS Pharmacy, Inc.*, 739 F.3d 1192, 1196–97 (9th Cir. 2013); *Klein v. United States*, 537 F.3d 1027, 1028 (9th Cir. 2008).

## I. Administrative Information

We provide the following information as required by California Rule of Court 8.548(b)(1):

The title of this case is: CLIFFORD ALLEN BRACE, Jr., individually and as the Trustee of the Crescent Trust dated July 30, 2004, and AHN N. BRACE, individually and as the Trustee of the Crescent Trust dated July 30, 2004, Appellants v. STEVEN M. SPEIER, Chapter 7 Trustee, Appellee (In re: CLIFFORD ALLEN BRACE, Jr.).

The case number in our court is: 17-60032.

The names and addresses of counsel are: *for Appellants*, William Derek May, Law Office of W. Derek May, 400 North Mountain Avenue, Suite 215b, Upland, CA 91786, and Stephen R. Wade, Law Offices of Stephen R. Wade, P.C., 350 W. 4th Street Claremont, CA 91711; *for Appellee*, Matthew W. Grimshaw, D. Edward Hays, and Judith E. Marshack, Marshack Hays LLP, 870 Roosevelt Avenue, Irvine, CA 92620; *for Amicus Curiae* the National Association of Consumer Bankruptcy Attorneys and the National Consumer Bankruptcy Rights Center, Tara Twomey, the National Consumer Bankruptcy Rights Center, 1501 The Alameda, Suite 200, San Jose, CA 95126, and Wayne A. Silver, Law Office of Wayne A. Silver, 643 Bair Island Rd., Suite 403, Redwood City, CA 94063.

## II.  Certified Question

We request a decision by the Supreme Court of California on the following question that is now before us:

> Does the form of title presumption set forth in section 662 of the California Evidence Code overcome the community property presumption set forth in section 760 of the California Family Code in Chapter 7 bankruptcy cases where: (1) the debtor husband and non-debtor wife acquire property from a third party as joint tenants; (2) the deed to that property conveys the property at issue to the debtor husband and non-debtor wife as joint tenants; and (3) the interests of the debtor and non-debtor spouse are aligned against the trustee of the bankruptcy estate?

Our phrasing of the question should not restrict the Supreme Court of California's consideration of the issues involved; that court may reformulate the question. Cal. R. Ct. 8.548(f)(5).

We agree to accept and to follow the decision of the Supreme Court of California, as we are required by both California Rule of Court 8.548(b)(2) and our own precedent. *See Klein*, 537 F.3d at 1029.

### III.  Statement of Facts

Appellants, Clifford and Ahn Brace, have been married since 1972.  Around 1977 or 1978, Appellants acquired their residence located at 470 E. Crescent Avenue in Redlands, California (the "Redlands Property").  Sometime before bankruptcy, Appellants also acquired a rental property located at 4250 N. F Street in San Bernardino, California (the "San Bernardino Property") (collectively, the "Properties") and a parcel of land located in Mohave, Arizona (the "Mohave Property").[1]  Appellants took title to each property as "husband and wife as joint tenants."

On July 30, 2004, Mr. Brace ("Debtor") formed the Crescent Trust, an irrevocable trust, which designated Mrs. Brace as the sole beneficiary and Debtor as the sole trustee. The Crescent Trust document was never recorded.  A few months later, in August 2004, Debtor executed and recorded trust transfer deeds that transferred his interests in the Redlands and San Bernardino Properties into the Crescent Trust for no consideration.  At the time of the transfers,

---

[1] On appeal, Appellants do not challenge the characterization of the Mohave Property.  Therefore, we address the characterizations of only the Redlands and San Bernardino Properties.

Debtor was a defendant in a civil action in state court. Two weeks after Debtor transferred the Properties into the Trust, a default judgment was entered against him.

On May 16, 2011, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code, and Robert L. Goodrich was appointed Chapter 7 Trustee.[2] In December 2011, the Trustee filed an adversary proceeding against Appellants, individually and in their capacities as trustees of the Crescent Trust,[3] seeking: (1) a declaration that the Properties were property of the bankruptcy estate; (2) a judgment quieting title to the Properties in the bankruptcy estate; (3) turnover of any of the Properties determined to be property of the bankruptcy estate; (4) avoidance and recovery of Debtor's transfers of the Properties into the Crescent Trust as actually or constructively fraudulent transfers under the California Uniform Fraudulent Transfer Act (the "CUFTA"), Cal. Civ. Code § 3439.04(a); and (5) revocation of Debtor's discharge under 11 U.S.C. § 727(d)(1) and (d)(2).

Following the trial, the bankruptcy court ruled in favor of the Trustee on the actual fraudulent transfer claims, voided the transfer of the Properties, and held that the Properties were part of the bankruptcy estate in their entireties. In so ruling, the bankruptcy court rejected Appellants' defense that, many years earlier, they had orally transmuted the property from community property to separate property.

---

[2] Goodrich resigned during the bankruptcy court trial and was replaced by the current Trustee, Steven Speier.

[3] Mrs. Brace was not a trustee of the Crescent Trust, and the Trustee erroneously named her as such in the complaint.

After judgment was entered, Appellants timely moved for reconsideration and to amend the judgment, arguing that the Properties, as recovered, were not part of the bankruptcy estate in their entireties. Rather, because Appellants held the Properties as joint tenants before the transfer, Appellants argued that they held the Properties as tenants in common post-transfer.[4] Thus, as separate property, only Debtor's one-half interest in each of the Properties should be included as part of the estate.

The bankruptcy court disagreed. At the hearing on Appellants' motion for reconsideration and to amend the judgment,[5] the bankruptcy court explained that Appellants acquired the Properties during their marriage and took title "as husband and wife, as joint tenants"; thus, post-avoidance of the transfer to the Crescent Trust, Appellants once again held the Properties as joint tenants. The bankruptcy court further explained that, under sections 760[6] and 2581[7] of the

---

[4] Specifically, Appellants explained that when Debtor transferred his one-half interest in each of the Properties to the Crescent Trust, the respective joint tenancies were severed, and thus Appellants held the Properties as tenants in common. Appellants later abandoned this argument at the hearing on the motion for reconsideration and to amend the judgment.

[5] Due to the complexity of the matter, the hearing was divided between two proceedings, the first of which occurred on November 5, 2015, and the second on December 10, 2015.

[6] "Except as otherwise provided by statute, all property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in this state is community property." Cal. Fam. Code § 760.

[7] Section 2581 of the Family Code states, in relevant part:

California Family Code, the characterization of property in the deed is irrelevant. Accordingly, it determined that the Properties were community property and therefore property of the bankruptcy estate in their entireties.

In the interest of clarity, the bankruptcy court amended the judgment, finding that:

> although these properties are returned to joint tenancy between the Debtor and Defendant Ahn Brace, the properties were acquired by the Debtor and Ahn Brace during the marriage with community assets and they presumptively constitute community property under applicable law. Defendants failed to establish that the Redlands Property, San Bernardino Property, or [Mohave] Property were not community in nature and, therefore they constitute property of the Estate pursuant to 11 U.S.C. § 541 and are subject to administration by the Estate.

Appellants timely appealed the bankruptcy court's amended judgment to the Ninth Circuit Bankruptcy Appellate Panel (the "BAP"). In an unpublished memorandum disposition, the BAP affirmed the bankruptcy court's decision on the CUFTA claims and avoidance of the Crescent Trust. This issue is not on appeal. In a separate published opinion, the BAP affirmed the bankruptcy court's

> For the purpose of division of property on dissolution of marriage or legal separation of the parties, property acquired by the parties during marriage in joint form, including property held in tenancy in common, joint tenancy, or tenancy by the entirety, or as community property, is presumed to be community property.

amended judgment that the Properties were part of the bankruptcy estate in their entireties. Specifically, the BAP determined that the community property presumption applied in the bankruptcy context, Appellants had failed to overcome the presumption that the Properties were community property, and therefore the Properties, in their entireties, were part of the bankruptcy estate. Appellants timely appealed to this court.

The primary issue on appeal is whether the bankruptcy court erred in characterizing the Properties as community property, irrespective of the fact that Appellants held title to the Properties as joint tenants, and therefore erred in determining the Properties were part of the bankruptcy estate. Resolution of this issue turns on whether, in a bankruptcy proceeding, the community property presumption can be overcome with evidence that the debtor and non-debtor spouse hold title to the property at issue as joint tenants where there is no underlying marital dissolution proceeding and the interests of the debtor and non-debtor spouse are not opposed.

## IV.  Explanation for Request for Decision

A Chapter 7 bankruptcy petition creates an estate to satisfy creditors' claims. Under the Bankruptcy Code, the bankruptcy estate generally includes "[a]ll interests of the debtor and the debtor's spouse in community property" at the time the bankruptcy case is filed. 11 U.S.C. § 541(a)(2). While the Bankruptcy Code specifies that community property is part of the bankruptcy estate, it does not address "the threshold questions of the existence and scope of the debtor's interest in a given asset." *In re Mantle*, 153 F.3d 1082, 1084 (9th Cir. 1998) (quoting *In re Farmers Markets, Inc.*, 792 F.2d 1400, 1402 (9th Cir. 1986)). Instead, bankruptcy courts are required to look to state law—in this

case, California law—to determine whether property is community property and therefore included in the bankruptcy estate. *Id.* at 1084; *see also Butner v. United States*, 440 U.S. 48, 54 (1979) ("Congress has generally left the determination of property rights in the assets of a bankrupt's estate to state law."); *In re Reed*, 940 F.2d 1317, 1332 (9th Cir. 1991).

California is a community property state, which characterizes marital property as either community or separate property. *See* Cal. Fam. Code § 760; *In re Marriage of Benson*, 116 P.3d 1152, 1155 (Cal. 2005).[8]  In California, classification of property as community or separate property depends on the time of its acquisition. *See v. See*, 415 P.2d 776, 779 (Cal. 1966) ("The character of property as separate or community is determined at the time of its acquisition."). "Property that a spouse acquired before the marriage is that spouse's separate property." *In re Marriage of Valli*, 324 P.3d 274, 276 (Cal. 2014); *see also* Cal. Fam. Code § 770(a)(1).  Property that a spouse acquired during the marriage is community property, "[e]xcept as provided by statute."  Cal. Fam. Code § 760; *see also Valli*, 324 P.3d at 276.

The characterization of the property interest in the bankruptcy context is crucial and determines the outcome of this appeal.  Under California law, if the property at issue is held in joint tenancy, only the debtor's one-half joint interest becomes part of the bankruptcy estate. *See Reed*, 940 F.2d at 1332; *In re Obedian*, 546 B.R. 409, 412 (Bankr. C.D. Cal. 2016).  In a Chapter 7 bankruptcy case, the trustee is

---

[8] "Spouses may hold property as joint tenants or tenants in common, or as community property, or as community property with a right of survivorship."  Cal. Fam. Code § 750.

permitted, under certain circumstances, to sell the jointly held property and apportion the proceeds accordingly between the bankruptcy estate and the non-debtor joint owners. *See* 11 U.S.C. § 363(h), (j). However, if the property at issue is community property, the property becomes part of the bankruptcy estate in its entirety. *Mantle*, 153 F.3d at 1084. In that scenario, the trustee is permitted, under the Bankruptcy Code, to sell the property and distribute all sales proceeds to the debtor's creditors, rather than apportioning some of the proceeds to the non-debtor spouse. *See* 11 U.S.C. § 541(a)(2). The certified question addresses the interplay between federal bankruptcy law and state law property characterization.

Under California law, there is a general presumption that, absent a statute to the contrary, all property acquired during marriage is community property. *See Valli*, 324 P.3d at 281–82 (Chin, J., concurring); *see also* Cal. Fam. Code §§ 65, 760; Cal. Civ. Code § 687. "This is a rebuttable presumption affecting the burden of proof; hence it can be overcome by the party contesting community property status." *In re Marriage of Haines*, 39 Cal. Rptr. 2d 673, 681 (Ct. App. 1995). The standard of proof to overcome this burden is a preponderance of the evidence. *See Valli*, 324 P.3d at 276.

A more stringent application of the community property presumption, which is not applicable here but is nonetheless relevant, is contained in section 2581 of the California Family Code. That section provides that:

> For the purpose of division of property on dissolution of marriage or legal separation of the parties, property acquired by the parties during marriage in joint form, including property held in tenancy in common, joint

tenancy, or tenancy by the entirety, or as community property, is presumed to be community property. This presumption is a presumption affecting the burden of proof and may be rebutted by either of the following:

(a) A clear statement in the deed or other documentary evidence of title by which the property is acquired that the property is separate property and not community property.

(b) Proof that the parties have made a written agreement that the property is separate property.

Cal. Fam. Code § 2581.

According to the California Family Code, to change the nature or characterization of property, spouses may transmute the property by agreement or transfer, with or without consideration. *Id*. § 850.[9] To be valid, a

---

[9] Section 850 of the California Family Code provides:

Subject to Sections 851 to 853, inclusive, married persons may by agreement or transfer, with or without consideration, do any of the following:

(a) Transmute community property to separate property of either spouse.

(b) Transmute separate property of either spouse to community property.

transmutation must be "made in writing by an express declaration that is made, joined in, consented to, or accepted by the spouse whose interest in the property is adversely affected." *Id*. § 852(a). "An 'express declaration' is a writing signed by the adversely affected spouse 'which expressly states that the characterization or ownership of the property is being changed.'" *In re Marriage of Lafkas*, 188 Cal. Rptr. 3d 484, 497 (Ct. App. 2015) (quoting *In re Estate of MacDonald*, 794 P.2d 911, 918 (Cal. 1990)). "An 'express declaration' does not require use of the terms 'transmutation,' 'community property,' 'separate property,' or a particular locution." *Id.* (quoting *In re Marriage of Starkman*, 28 Cal. Rptr. 3d 639, 642 (Ct. App. 2005)). "Though no particular terminology is required, the writing must reflect a transmutation on its face, and must eliminate the need to consider other evidence in divining this intent." *Benson*, 116 P.3d at 1158; *see also Starkman*, 28 Cal. Rptr. 3d at 642–43 ("The express declaration must unambiguously indicate a change in character or ownership of property. A party does not 'slip into a transmutation by accident.'" (internal citation omitted) (quoting *In re Marriage of Koester*, 87 Cal. Rptr. 2d 76, 80 n.5 (Ct. App. 1999))). The transmutation statute applies to property transactions between spouses, as well as property transactions between spouses and third parties. *See Valli*, 324 P.3d at 279–80.

On appeal, Mrs. Brace argues—as she did in the lower courts—that the general community property presumption yields to the common law form of title presumption, codified in section 662 of the California Evidence Code. Section 662 provides, in full, that "[t]he owner of the legal title to property is presumed to be the owner of the full beneficial

---

       (c)  Transmute separate property of one spouse to separate property of the other spouse.

title. This presumption may be rebutted only by clear and convincing proof." Cal. Evid. Code § 662. On appeal, Mrs. Brace contends that the lower courts erred in applying the community property presumption and characterizing the property at issue as community property because the evidence demonstrated that she and her debtor husband acquired the property from a third party as joint tenants. In support, Mrs. Brace relies on our decision in *In re Summers*, which held that under California law, "the community property presumption is rebutted when a married couple acquires property from a third party as joint tenants." 332 F.3d 1240, 1243 (9th Cir. 2003) (relying on, *inter alia*, *Haines*, 39 Cal. Rptr. 2d at 682, and *In re Pavich*, 191 B.R. 838, 844 (Bankr. E.D. Cal. 1996)).

In *Summers*, a married couple and their daughter purchased a parcel of real estate and took title as "Eugene Summers and Ann Marie Summers, husband and wife[,] and Aurora Summers, an unmarried woman, all as joint tenants." 332 F.3d at 1242. Eventually, all three individuals filed separate bankruptcy petitions with the wife filing first. *Id*. The trustee in the wife's case argued that the real property was a community asset and thus property of the bankruptcy estate in its entirety. *Id*. After a trial on the merits, the bankruptcy court held that the community property presumption was overcome by evidence of the deed, which indicated the real property was held in joint tenancy. *Id*. The BAP affirmed. *Id*.

On appeal, we affirmed the BAP. *Id*. at 1245. We first explained the significance of the nature or characterization of the property when defining the bankruptcy estate. *Id.* at 1243. We explained that the presumption under section 760 of the California Family Code that all property acquired by married persons is community property can be rebutted

through an agreement between the spouses or "by specifying the form of title in which [the property] is held." *Id*. at 1243. Thus, we determined that "the community property presumption 'is overcome when a declaration in a deed or other title instrument indicates spouses take title to property as joint tenants.'" *Id.* (quoting *Pavich*, 191 B.R. at 844). Because the deed in *Summers* specifically conveyed the real property as joint tenants, we concluded that only the wife's separate interest in the property was part of the bankruptcy estate. *Id*. at 1245.[10]

On appeal, the parties dispute whether *Summers* is still precedential in light of *Valli*, a marital dissolution proceeding concerned with the division of property between a husband and wife—in particular, an insurance policy on the husband's life purchased with community funds but naming the wife as the sole beneficiary.

In *Valli*, the husband (Frankie Valli) used community property funds to purchase an insurance policy on his life, naming his wife (Randy Valli) as the policy's only beneficiary and owner. 324 P.3d at 275. In the marital dissolution proceeding, the husband—relying on the community property presumption—argued that the insurance policy was community property because (1) it was purchased with community property funds and (2) the transmutation requirements under section 852 of the California Family Code had not been met to change the

---

[10] After finding that the community property presumption had been overcome, we addressed whether California's transmutation statute generally applies to transactions between the spouses and a third-party seller. *Summers*, 332 F.3d at 1244. Relying on several California Court of Appeal decisions, we concluded that the transmutation statute is not applicable to transactions between spouses and third parties. *Id.* That holding was abrogated by *Valli*, and is not at issue here.

property from community to separate property. *Id.* at 276. The wife—relying on the form of title presumption—argued that the insurance policy was separate property because the husband put the policy in her name. The wife also argued that, although the couple had not complied with the statutory requirement that any transmutation be in writing, the transmutation formalities are unnecessary in situations where one spouse acquires property directly from a third party rather than through an interspousal transaction. *Id.*

The Supreme Court of California rejected the wife's arguments, holding that: (1) the transmutation statutes apply in property transactions between spouses, as well as in property transactions between spouses and third parties; and (2) section 662's form of title presumption "does not apply [in marital dissolution proceedings] when it conflicts with the transmutation statutes." *Valli*, 324 P.3d at 280 (citing *In re Marriage of Barneson*, 81 Cal. Rptr. 2d 726, 733 (Ct. App. 1999)). Finding that such a conflict existed, the Court held that "the transmutation requirement of an express written declaration applie[d] to [the] wife's claim." *Id.* The Court did not otherwise expound on the matter. *Id.* However, a concurring opinion joined by three justices suggested that "rules that apply to an action between the spouses to characterize property acquired during the marriage do not necessarily apply to a dispute between a spouse and a third party." *Valli*, 324 P.3d at 284–85 (Chin, J., concurring).

Appellee argues that *Valli* applies not only to suits between spouses but also to non-dissolution cases involving both spouses and third parties. Appellants and the amicus curiae disagree. They contend that *Valli* does not abrogate the holding in *Summers* (*i.e.*, in bankruptcy cases, the community property presumption can also be rebutted with

evidence that spouses hold title as joint tenants) and that the cases are reconcilable because *Valli* addressed the community property presumption/transmutation statute only in the context of a marital dissolution proceeding. Appellants and the amicus curiae argue that marital dissolution proceedings are unique and that it is only within that context that the form of title presumption is disregarded in favor of the general community property presumption. Appellants and the amicus curiae contend that because the special concerns in marital dissolution proceedings do not exist in the broader context of bankruptcy and debtor-creditor relationships, *Valli* does not abrogate *Summers* to the extent that the record title presumption can no longer overcome the community property presumption in bankruptcy cases.

No controlling California precedent addresses the applicability of the community property presumption in suits between a married person and a third party creditor. We recognize that, under California law, statutory interpretation begins with the text. *People v. Scott*, 324 P.3d 827, 829 (Cal. 2014). But the text of the relevant statutes (and relevant evidentiary codes) is susceptible to both of the opposing interpretations offered by the parties, and we do not find the answer to these issues obvious.

Accordingly, we respectfully ask the Supreme Court of California to exercise its discretion to decide the following certified question: Does the form of title presumption set forth in section 662 of the California Evidence Code overcome the community property presumption set forth in section 760 of the California Family Code in Chapter 7 bankruptcy cases where: (1) the debtor husband and non-debtor wife acquire property from a third party as joint tenants; (2) the deed to that property conveys the property at

issue to the debtor husband and non-debtor wife as joint tenants; and (3) the interests of the debtor and non-debtor spouse are aligned against the trustee of the bankruptcy estate?

## V.  Accompanying Materials

The clerk of this court is hereby directed to file in the Supreme Court of California, under official seal of the United States Court of Appeals for the Ninth Circuit, copies of all relevant briefs and excerpts of the record, and an original plus ten copies of this order, along with a certificate of service on the parties, as required by California Rule of Court 8.548(c) and (d).

This case is withdrawn from submission.  The Clerk is directed to administratively close this docket, pending further order.  Further proceedings before us are stayed pending final action by the Supreme Court of California. The parties shall notify the clerk of this court within seven days after the Supreme Court of California accepts or rejects the request for a decision and again within seven days if that court renders an opinion.  The panel retains jurisdiction over further proceedings.