**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 18 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: KATHLEEN KELLOGG-TAXE, <br><br> Debtor. <br><br> ------------------------------ <br><br> RICHARD TAXE, <br><br> Appellant, <br><br> v. <br><br> CAROLYN A. DYE, Chapter 7 Trustee, <br><br> Appellee. | No.  18-60052 <br><br> BAP No. 17-1092 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Spraker, and Kurtz, Bankruptcy Judges, Presiding

Submitted December 11, 2019[**]

Before:     WALLACE, CANBY, and TASHIMA, Circuit Judges.

Richard Taxe appeals pro se from the Bankruptcy Appellate Panel's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment affirming the bankruptcy court's judgment after a trial in an adversary proceeding filed by the chapter 7 trustee in Kathleen Kellogg-Taxe's bankruptcy case. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo the bankruptcy court's conclusions of law and for clear error its findings of fact. *Decker v. Tramiel (In re JTS Corp.)*, 617 F.3d 1102, 1109 (9th Cir. 2010). We affirm.

The bankruptcy court did not clearly err in finding that Taxe owned the shares and assets of Dwarfco Productions, Inc. because the record supports the bankruptcy court's determination that Taxe controlled Dwarfco Productions, Inc.

The bankruptcy court properly concluded the shares and assets of Dwarfco Productions, Inc. are the community property of Taxe and debtor Kathleen Kellogg-Taxe, and thus those assets are property of the bankruptcy estate of Kathleen Kellogg-Taxe. *See Brace v. Speier (In re Brace)*, 908 F.3d 531, 537 (9th Cir. 2018) ("Under California law, there is a general presumption that, absent a statute to the contrary, all property acquired during marriage is community property.").

We reject as unsupported by the record Taxe's contentions that the bankruptcy court advocated in favor of the bankruptcy trustee and that the bankruptcy court never ordered Taxe to turn over gemstones in his possession.

We do not consider arguments and allegations raised for the first time on

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**