**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

IN RE CLIFFORD ALLEN BRACE, JR.,
*Debtor*,

CLIFFORD ALLEN BRACE, JR.,
Individually and as the Trustee of
The Crescent Trust dated July 30,
2004; ANH N. BRACE, individually
and as The Trustee of The Crescent
Trust dated July 30, 2004,
*Appellants*,

v.

STEVEN M. SPEIER, Chapter 7
Trustee,
*Appellee.*

No. 17-60032

BAP No.
16-1041

OPINION

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Novack, and Lafferty III, Bankruptcy Judges,
Presiding

Argued and Submitted August 10, 2018
Submission Withdrawn November 8, 2018
Resubmitted November 2, 2020
Pasadena, California

Filed November 9, 2020

Before:  Consuelo M. Callahan and Jacqueline H. Nguyen, Circuit Judges, and David A. Ezra,[*] District Judge.

Opinion by Judge Ezra

## SUMMARY[**]

### Bankruptcy

The panel affirmed in part and vacated in part the Bankruptcy Appellate Panel's order affirming the bankruptcy court's judgment against a Chapter 7 debtor and his non-debtor spouse in an adversary proceeding brought by the Chapter 7 trustee concerning the characterization of two properties acquired by the couple during their marriage.

The panel held that if a debtor holds property in joint tenancy, only his one-half joint interest becomes part of the bankruptcy estate, and the Chapter 7 trustee may sell the jointly held property and apportion the proceeds.  If property is community property, it becomes part of the bankruptcy estate in its entirety, and the trustee may sell the property and distribute all proceeds to the debtor's creditors, rather than apportioning some of the proceeds to the non-debtor spouse.

---

[*] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

The panel had certified to the Supreme Court of California the question whether, in Chapter 7 bankruptcy proceedings, Cal. Evid. Code § 662, which affords a presumption based on the property's form of title, supersedes Cal. Fam. Code § 760, which applies a presumption in favor of community property for property purchased during the marriage with community property. The California Supreme Court determined that for joint tenancy property acquired during marriage before 1975, each spouse's interest is presumptively separate in character. For such property acquired with community funds on or after January 1, 1975, the property is presumptively community in character. The panel therefore limited the holding of *In re Summers*, 332 F.3d 1240 (9th Cir. 2003), that a married couple's acquisition of property in joint tenancy destroys the statutory presumption that the property is community property, to properties acquired before 1975. The California Supreme Court also determined that, for property acquired before 1985, the parties can show a transmutation from community property to separate property by oral or written agreement or a common understanding. For joint tenancy property acquired with community funds on or after January 1, 1985, a written declaration is required.

Affirming in part, the panel held that for the first property, the community property presumption applied because the property was acquired with community funds on or after January 1, 1975. The record was unclear regarding when appellants acquired the second property. The panel therefore vacated the bankruptcy court's determination that the community property presumption applied to the second property and remanded for further proceedings. The panel found no clear error in the bankruptcy court's factual finding that no oral transmutation of the properties took place in the 1970s. Accordingly, the panel affirmed the bankruptcy

courts' conclusion that appellants did not meet the requirements for a transmutation of either property.

## COUNSEL

Stephen R. Wade (argued), Law Offices of Stephen R. Wade P.C., Claremont, California, for Appellants.

D. Edward Hays (argued), Matthew W. Grimshaw, and Judith E. Marshack, Marshack Hays LLP, Irvine, California, for Appellee.

Wayne A. Silver (argued), Law Office of Wayne A. Silver, Redwood City, California; Tara Twomey, National Consumer Bankruptcy Rights Center, San Jose, California; for Amici Curiae National Association of Consumer Bankruptcy Attorneys, and National Consumer Bankruptcy Rights Center.

## OPINION

EZRA, District Judge:

Chapter 7 debtor Clifford Brace, Jr. ("Brace") and his wife Anh Brace, a non-debtor, (collectively "Appellants") appeal the Bankruptcy Appellate Panel's ("BAP") order affirming the bankruptcy court's judgment in an adversary proceeding brought by Steven Speier, the Chapter 7 Trustee. We affirm in part and vacate and remand in part.

## I. Background

This appeal concerns the characterization of two properties acquired by Appellants during their marriage but before Brace individually filed for bankruptcy protection. Each property's characterization under state law as either a joint tenancy or community property determines the extent to which it is included in Brace's bankruptcy estate.

If a debtor holds property in joint tenancy, only his one-half joint interest becomes part of the bankruptcy estate. *See In re Reed*, 940 F.2d 1317, 1332 (9th Cir. 1991). The Bankruptcy Code permits a Chapter 7 trustee to sell the jointly held property and apportion the proceeds between the bankruptcy estate and the non-debtor joint owners. *See* 11 U.S.C. § 363(h), (j). However, if the property at issue is community property, the property becomes part of the bankruptcy estate in its entirety. *See* 11 U.S.C. § 541(a)(2). In that scenario, the trustee is permitted to sell the property and distribute all proceeds to the debtor's creditors, rather than apportioning some of the proceeds to the non-debtor spouse. *See id.*

The first property at issue is located at 470 E. Crescent Avenue in Redlands, California (the "Redlands Property"), and the second is located at 4250 N. F Street in San Bernardino, California (the "San Bernardino Property") (collectively "the Properties"). The underlying facts and procedural history in this case were laid out in our previous order certifying a question to the Supreme Court of California. *See In re Brace*, 908 F.3d 531, 534–36 (9th Cir. 2018). We repeat only the relevant facts.

Appellants married in 1972. The record before us shows that Appellants acquired both properties with community property as "husband and wife as joint tenants" during their

marriage. The bankruptcy court also found that Appellants acquired the Redlands Property in either 1977 or 1978. However, the bankruptcy court did not determine when Appellants acquired the San Bernardino Property, stating only that the acquisition occurred "shortly after [Appellants] were married" and "[p]rior to bankruptcy."

The bankruptcy court determined that under sections 760 and 2581 of the California Family Code, the Properties were community property—thus belonging in their entireties to the bankruptcy estate—notwithstanding that the deeds characterize the Properties as joint tenancies. Appellants claimed that, even if the Properties were originally community property, they orally transmuted the Properties from community to separate property "sometime in the 1970s." The bankruptcy judge found that allegation not credible. The BAP affirmed these rulings in a published opinion. *In re Brace*, 566 B.R. 13 (B.A.P. 9th Cir. 2017).

## II. Answer to Certified Question

On November 8, 2018, we certified a question to the Supreme Court of California to resolve a conflict between presumptions under California state law. *In re Brace*, 908 F.3d at 534. The question was whether, in Chapter 7 bankruptcy proceedings, California Evidence Code section 662, which affords a presumption based on the property's form of title, supersedes California Family Code section 760, which applies a presumption in favor of community property

for property purchased during the marriage with community property.[1]

### A. *Property Characterization*

The Supreme Court of California determined that the answer to the certified question hinges on when the property at issue was acquired. Specifically, "[f]or joint tenancy property acquired during marriage before 1975, each spouse's interest is presumptively separate in character." *In re Brace*, 470 P.3d 15, 36 (Cal. 2020) (citing Cal. Fam. Code § 803). Conversely, "[f]or joint tenancy property acquired with community funds on or after January 1, 1975, the property is presumptively community in character." *Id.* (citing Cal. Fam. Code § 760).

Accordingly, we find it necessary to limit the precedential value of our reasoning in *In re Summers*, 332 F.3d 1240 (9th Cir. 2003), to properties acquired prior to January 1, 1975. *Id.* at 1243–44. In that case, we held that, "[w]hen property is conveyed to a husband and wife as joint tenants, the form of the conveyance is such as to destroy the statutory presumption that the property is community even though the consideration for such conveyance consists

---

[1] In particular, the certified question asked which presumption controls where:

> (1) the debtor husband and non-debtor wife acquire property from a third party as joint tenants; (2) the deed to that property conveys the property at issue to the debtor husband and non-debtor wife as joint tenants; and (3) the interests of the debtor and non-debtor spouse are aligned against the trustee of the bankruptcy estate[.]

*In re Brace*, 908 F.3d at 534.

of community funds or assets." *Id.* at 1244 (quoting *Lovetro v. Steers*, 44 Cal. Rptr. 604, 608 (Ct. App. 1965)). In other words, "[t]here is . . . a rebuttable presumption that 'where the deed names the spouses as joint tenants . . . the property was in fact held in joint tenancy.'" *Id.* (quoting *Hansen v. Hansen*, 43 Cal. Rptr. 729, 741 (Ct. App. 1965)).

In light of the Supreme Court of California's answer to our certified question in this case, this reasoning from *In re Summers* does not apply to properties acquired on or after January 1, 1975. *In re Brace*, 470 P.3d at 36. Instead, such property is "presumptively community in character" under California Family Code section 760. *Id.* Nevertheless, for properties acquired before 1975, *In re Summers* is still valid precedent. *See id.*

## B.  Transmutation Requirements

The Supreme Court of California also identified changes to the transmutation requirements under California Family Code sections 850 and 852 that became effective January 1, 1985. *Id.* at 34. For property acquired before 1985, "the parties can show a transmutation from community property to separate property by oral or written agreement or a common understanding." *Id.* at 36. In contrast, "[f]or joint tenancy property acquired with community funds on or after January 1, 1985, a valid transmutation from community property to separate property requires a written declaration that expressly states that the character or ownership of the property is being changed." *Id.*

## III. Standard of Review

We review decisions of the BAP *de novo*, and we apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *In re Jacobson*, 676 F.3d 1193,

1198 (9th Cir. 2012).  In doing so, we review conclusions of law *de novo* and findings of fact for clear error.  *Id.*  Because the bankruptcy court interpreted California state law, we review *de novo* the bankruptcy court's interpretation of state law.  *See In re Rucker*, 570 F.3d 1155, 1159 (9th Cir. 2009).

## IV. Discussion

### A.  *Redlands Property Characterization*

Under the Supreme Court of California's framework, the lower courts properly applied the community property presumption to the Redlands Property because it was acquired with community funds on or after January 1, 1975.  Cal. Fam. Code § 760.  *See In re Brace*, 470 P.3d at 36.  The bankruptcy court correctly identified this property as community property and, thus, part of the bankruptcy estate.  *See* 11 U.S.C. § 541.  Therefore, the bankruptcy courts' characterization of the Redlands Property upon acquisition is affirmed.

### B.  *San Bernardino Property Characterization*

The record is unclear regarding when Appellants acquired the San Bernardino Property.  Appellants may have acquired the property as early as 1972, "shortly after they were married," or as recently as 2011, "prior to bankruptcy."  Because the bankruptcy court did not determine whether Appellants acquired the San Bernardino Property before January 1, 1975, the court was not equipped to decide whether the community property presumption applied.  *See In re Brace*, 470 P.3d at 36.

Accordingly, the bankruptcy court's determination that the community property presumption applied to the San Bernardino Property is hereby vacated.  On remand, the

court must determine whether Appellants acquired the property before January 1, 1975. If not, "the property is presumptively community in character." *Id.* On the other hand, if the property was acquired before 1975, the bankruptcy court must apply the presumption in California Family Code section 803. *Id.* (noting that, under these circumstances, "each spouse's interest is presumptively separate in character").

## C. Transmutation

To change the nature or characterization, spouses may transmute the property by agreement or transfer, with or without consideration. Cal. Fam. Code § 850.**[2]** The bankruptcy court found Appellants' argument that an oral transmutation of both properties took place "sometime in the 1970s" unpersuasive. We find no clear error with this factual finding.

Because the bankruptcy court considered and rejected the possibility of an oral transmutation, it does not need to revisit this argument on remand. Appellants did not satisfy

---

**[2]** Subject to Sections 851 to 853, inclusive, married persons may by agreement or transfer, with or without consideration, do any of the following:

> (a) Transmute community property to separate property of either spouse.

> (b) Transmute separate property of either spouse to community property.

> (c) Transmute separate property of one spouse to separate property of the other spouse.

Cal. Fam. Code § 850.

the relaxed requirements in effect prior to 1985, so the conclusion does not change depending on whether the property was acquired before January 1, 1985, or not. *See In re Brace*, 470 P.3d at 34–36; *see also* Cal. Fam. Code § 852(a). The bankruptcy courts' conclusion that Appellants did not meet the requirements for a transmutation of either property is affirmed.

## V. Conclusion

In light of the Supreme Court of California's opinion answering our certified question, the bankruptcy courts properly applied California law to the characterization of the Redlands Property. On the other hand, the bankruptcy courts did not make the necessary factual finding regarding when the San Bernardino Property was purchased to apply the proper presumptions when characterizing that property. Finally, we see no clear error in the bankruptcy courts' finding that Appellants failed to meet the requirements for a transmutation of either property. It follows that the judgment of the lower courts is affirmed in part and vacated and remanded in part.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**

Each side shall bear its own costs.