NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: JILL SUZANN MEDLEY, <br><br> Debtor, <br><br> ------------------------------ <br><br> PRECISION BUSINESS CONSULTING, LLC, <br><br> Appellant, <br><br> v. <br><br> JILL SUZANN MEDLEY, <br><br> Appellee. | No.    23-60014 <br><br> BAP No. 22-1167 <br><br> MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Faris, Lafferty III, and Corbit, Bankruptcy Judges, Presiding

Argued and Submitted December 4, 2023
Pasadena, California

Before: CALLAHAN, R. NELSON, and BADE, Circuit Judges.

Precision Business Consulting LLC (Precision) appeals an order of the

Bankruptcy Appellate Panel (BAP) affirming a civil contempt order against it for

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

willful violation of the 11 U.S.C. § 362 automatic stay in place during the pendency of debtor-appellee Jill Suzann Medley's (Medley) Chapter 13 petition.

Medley, a licensed real estate broker, listed a commercial property for sale in California. Before the property sold, she assigned her interest in a portion of any anticipated commission to Precision in exchange for an advance of $35,070 of her future commission. While the property was under contract, and several months after receiving notice of the bankruptcy petition, Precision's CEO contacted both Medley and her client (the seller) in an effort to ensure that Precision would receive its assigned portion of the anticipated commission from the escrow company.

After Medley's petition was dismissed, she filed a motion for sanctions alleging that Precision violated the automatic stay that began to operate when Medley filed her chapter 13 petition. *See* 11 U.S.C. § 362(k). Following an evidentiary hearing, the bankruptcy court entered a civil contempt order requiring Precision to pay $20,000 for its willful violation of the automatic stay. The BAP affirmed. We review conclusions of law de novo and its factual findings for clear error. *See In re Brace*, 979 F.3d 1228, 1232 (9th Cir. 2020). We affirm.

1. Precision argues that it was a factoring company that purchased and owned a right to receive a portion of Medley's commission, not a lender that made a loan secured by the commission. It asserts that the commission was not the

property of the bankruptcy estate and therefore not subject to the automatic stay. *See Boucher v. Shaw*, 572 F.3d 1087, 1092 (9th Cir. 2009). In *S & H Packing & Sales Co. v. Tanimura Distrib., Inc.*, 883 F.3d 797, 802 (9th Cir. 2018) (en banc), we set forth the test for determining whether a transaction is a sale or a loan. We held that "the transfer of risk should be a primary factor to which a court looks." *Id.*

In the transaction at issue, Medley agreed that she would have full liability if settlement failed to occur, and she alone bore the risk of the transaction. Moreover, the written agreement granted Precision a security interest in Medley's present and future accounts receivable and in her house. And Precision held itself out not as a purchaser, but as a secured creditor, by filing a proof of claim contending that it had a perfected security interest in the property and specifying an 18% annual interest rate. Therefore, the transaction was a secured loan that, even if disguised as a sale, was subject to the stay. *See* 11 U.S.C. §§ 362(a)(3), 541(a)(1).

2. Precision argues that the elements required to recover damages under 11 U.S.C. § 362(k) were not met. Section 362(k)(1) specifies that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." Precision disputes that the

violation was "willful." It argues that it reasonably believed its actions did not violate the stay: it thought the commission was a sale. But that belief is of no legal moment. "A 'willful violation' does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional." *In re Bloom*, 875 F.2d 224, 227 (9th Cir. 1989) (internal citation omitted). Precision does not dispute that it had notice of the bankruptcy. And Precision cannot argue that its actions were anything but intentional. Our holding in *Bloom* thus controls here—Precision willfully violated the stay.

Precision also disputes that there was an injury because the only "damages" were the attorney's fees generated when Medley availed herself of the protections of Section 362. But Medley provided evidence of an injury. Her declaration described "extreme aggravation and stress" and "significant distress that has caused [her] to experience recurring headaches and difficulty sleeping," caused by the Precision CEO's actions. *See In re Dawson*, 390 F.3d 1139, 1148 (9th Cir. 2004) (emotional distress damages can be recovered by someone injured by a willful violation of an automatic stay).

3. Precision argues that the commission was Precision's property at the time of the bankruptcy filing and that it was merely attempting to retain its property.

4

But an automatic stay preserves the status quo as it existed "when the bankruptcy petition was filed," *City of Chicago v. Fulton*, 594 U.S. 154, 158 (2021), and thus "collection efforts outside the bankruptcy proceeding that would change the status quo" are prohibited. *Id.* at 160. Here, Medley possessed the portion of the commission that she received in advance as a loan from Precision when she filed for bankruptcy, and Precision took active steps to try to collect that debt. Medley's possession of the commission was the status quo protected by the stay.

**AFFIRMED**.