NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

In re:  MARYLIN FELIPE CSIGI

Debtor

_____

MARYLIN FELIPE CSIGI,

Appellant,

v.

VILLIA PONCE, Trustee of the Filomena
D. Felipe Trust, Dated January 25, 2014,

Appellee.

No. 24-5518

D.C. No.
23-1009

MEMORANDUM[*]

In re:  MARYLIN FELIPE CSIGI

Debtor

_____

MARYLIN FELIPE CSIGI,

Appellant,

v.

VILLIA PONCE, Trustee of the Filomena

No. 24-5519

D.C. No.
23-1114

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

D. Felipe Trust, Dated January 25, 2014,

     Appellee.

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Gary A. Spraker, Scott H. Gan, and Julia W. Brand, Bankruptcy Judges, Presiding

Submitted October 7, 2025[**]
Honolulu, Hawaii

Before: McKEOWN, FRIEDLAND, and SUNG, Circuit Judges.

Marylin Csigi appeals the Ninth Circuit Bankruptcy Appellate Panel's ("BAP") affirmance of a judgment entered against her by the Bankruptcy Court for the District of Hawaii. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. §§ 158 and 1291. We review de novo decisions of the BAP, "apply[ing] the same standard of review that the BAP applied to the bankruptcy court's ruling." *In re Brace*, 979 F.3d 1228, 1232 (9th Cir. 2020). We review de novo the bankruptcy court's conclusions of law while reviewing for clear error its factual findings. *Id.* We review for abuse of discretion or erroneous application of the law the bankruptcy court's attorneys' fees determination. *In re Bennett*, 298 F.3d 1059, 1063 (9th Cir. 2002). We affirm the judgment and order.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Csigi argues that the bankruptcy court violated her due process rights when it made what she characterizes as a sua sponte finding of undue influence after a four-day trial. This argument fails.

We agree with the BAP that "undue influence" was employed generically by the bankruptcy court to explain its factual finding that Felipe lacked sufficient mental capacity to provide Csigi authorization to use the Trust's assets for Csigi's personal benefit. The bankruptcy court used the term "undue influence" in its discussions of whether Csigi's actions constituted defalcation. The bankruptcy court built upon its assessment that undue influence was present to conclude that Csigi acted with the scienter required to commit defalcation.

Csigi's argument that undue influence was not raised by the parties misconstrues the bankruptcy court proceedings. Csigi's state of mind was the central issue at trial. The bankruptcy court acted within its powers when it examined the facts, found that Csigi unduly influenced Felipe, and concluded that Csigi committed defalcation.

We also affirm the costs and attorneys' fees awarded. Ponce and the Trust possess the right to be made whole after Csigi's breach of her fiduciary duties. Restatement (Third) of Trusts § 100 (2012).

**AFFIRMED.**

24-5518